**Thomas v. Vitale**

*[Cite as 8 AOA 317]*

*Case No. 89 CA 16*

*Mahoning County, (7th)*
*Decided November 7, 1990*

*James M. Henshaw, 7510 Market St. Youngstown, Ohio 44512, for Plaintiffs-Appellants.*

*Thomas D. Curran and Lia N. Pascale, 1550 Illuminating Bldg., 55 Public Square, Cleveland, Ohio 44113, for Defendants-Appellees.*

COX, J.
This matter presents a timely appeal from a decision of the Mahoning County Common Pleas Court granting defendant-appellee, James Vincent Vitale's motion for summary judgment.

Plaintiff-appellant, Mary Jo Thomas, first sought medical treatment from appellee on April 28, 1986, because of pain in her feet and bilateral bunion problems. On July 10, 1986, appellee performed surgery on appellant, but her foot problems continued. Appellant continued to treat with appellee until he sold his practice and moved to Hawaii in January of 1987.

On July 13, 1987, appellants, Mary Jo Thomas and her husband filed a complaint alleging the appellee negligently treated appellant - Mary Jo, causing her injury and that her husband was deprived of her services. However, when this complaint was filed, appellants' counsel instructed the Clerk of Courts not to serve the summons and complaint upon the appellee. Appellant contends this was done for several reasons; the uncertainty of the appellee's residence, to toll the statute of limitations on appellants' claims against appellee and to give appellant time to get her medical records in order for review by an expert to determine possible negligence. The appellants allege they experienced problems in both getting the medical records

because the appellee moved to Hawaii and finding a medical expert willing to state the appellee negligently treated the appellant.

On September 23, 1987, the trial court ordered a preliminary conference for November 3, 1987. On February 3, 1988, the trial court notified appellants' counsel and issued an order pursuant to Rule 6 of the Rules of Superintendence for Common Pleas Courts that the instant action would be dismissed for want of prosecution on March 7, 1988. On March 9, 1988, the trial court dismissed appellants' complaint pursuant to Superintendence Rule 6. At the time of this dismissal, service of the summons and complaint had not been obtained upon appellee, appellant had yet to find a medical expert and appellant did not appeal the trial court's dismissal.

On June 22, 1988, appellants filed an identical complaint against appellee after they were able to obtain a medical expert who believed the appellee's treatment of appellant was substandard and negligent. Appellant obtained service of process on appellee by July 13, 1988, which was within one year of the date of the filing of appellants' original complaint. Appellee filed an answer to appellants' complaint on August 29, 1988. On September 12, 1988, appellee filed a motion to dismiss pursuant to Civ. R. 12(B) (6) or in the alternative for summary judgment pursuant to Civ. R. 56 alleging the statute of limitations had expired. On August 17, 1988, appellants filed a brief in opposition to the appellee's motion arguing the statute of limitations had been tolled pursuant to R.C. 2305.15. The appellants also filed a motion to amend their complaint to allege the appellee's absence from the State of Ohio since January of 1987, an amended complaint and a set of interrogatories. On November 25, 1988, the appellee filed a reply brief. On December 2, 1988, the trial court conducted a hearing on appellee's motion add on December 5, 1988, ordered the case to arbitration pursuant to R.C. 2711.23(A).

On December 14, 1988, the appellee filed a supplemental brief in support of dismissal. On December 15, 1988, appellants filed a motion Pursuant to Civ. R. 60(B) for relief from the trial court's order of dismissal dated March 9, 1988. On January 6, 1989, the trial court sustained appellee's motion for summary judgment concluding that "*** a dismissal made pursuant to Superintendence Rule 6 is a dismissal on the merits. ***" It is from this decision of the trial court that the appellants filed the appeal herein.

The appellants have filed identical briefs for both of their appeals numbered 89 C.A. 16 and 89 C.A. 27 and appellants' sole assignment of error will be broken down to correspond with its arguments in each separate appeal.

In this appeal, the appellant cites one assignment of err which alleges:

· "The trial court erred in granting summary judgment in favor of the defendants, James Vincent Vitale, D.P.M. and James Vincent Vitale, Inc.;

"A. The trial court erred as a matter of law in interpreting a Superintendence Rule 6 dismissal in a civil case as being an adjudication on the merits when the appellants were not afforded the full one year as provided in Civil Rule 3(A) within which to perfect service of the summons and complaint.

"B. The trial court erred in interpreting a Superintendence Rule 6 dismissal as an adjudication on the merits pursuant to Civil Rule 41(B) (3) since the court lacked jurisdiction over the defendants."

Rule 3(A) of the Ohio Rules of Civil Procedure provides:

"A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant, or upon an incorrectly named defendant whose name is later corrected pursuant to Rule 15(C), or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Rule 15(D)."

Appellants argue Civ. R. 3(A) allows them one year from the filing of their complaint to obtain proper service of summons and notice to appellee in order to commence their action. Appellants contend they were not afforded one year to obtain service as provided by Civ. R. 3(A), in that the trial court dismissed the appellants' action pursuant to Superintendence Rule 6 before the appellants could obtain service upon appellee. In support of their argument, appellants cite the Second District Court of Appeals holding in *Twardowski v. Cooper* (C.A. 2, 1983), Case No. 8105, unreported, which stated:

"It would appear, therefore, that, except for the filing of a voluntary dismissal by the plaintiff, the trial court may not, on it's own

volition, dismiss an action that has not commenced within the one year period. ***"

Additionally, Rule 4(E) of the Ohio Rules of Civil Procedure provides:

"If a service of the summons and complaint is not made upon a defendant within six months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. This division shall not apply to out-of-state service pursuant to Rule 4.3 or to service in a foreign country pursuant to Rule 4.5."

The appellants argue that since Civ. R. 4(E) was enacted after Superintendence Rule 6, the former controls the latter and specifically governs the trial court in civil actions, as in the instant case where service of process has not been effectuated. The appellants contend Civ. R. 4(E) operates as an exception to Superintendence Rule 6 under R.C. 1.51 which provides:

"If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail."

Therefore, appellants assert Civ. R. 4(E) specifically provides that since service of process had not been effectuated in the instant case, the trial court's dismissal should have been without prejudice.

Civ. R. 41(B) (3) specifically provides:

"A dismissal under this subdivision and any dismissal not provided for in this rule, except as provided in subsection (4) of this subdivision, operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies."

Alternatively, appellants argue the trial court erred by interpreting the Superintendence Rule 6 dismissal as an adjudication on the merits pursuant to Civ. R. 41(B) (3) since the trial court lacked jurisdiction over the defendant. The appellants contend a trial court lacks personal jurisdiction over a defendant where service of summons and the complaint has not been perfected upon him. (Citing *Harrell v. Guest* (1986) 33 Ohio App. 3d 163). Therefore, appellants contend the trial court's dismissal herein should operate as a failure otherwise than on the merits.

In this court's opinion, the trial court properly concluded that Civ. R. 41(B) (3) should be read in conjunction with Superintendence Rule 6 which provides:

"*** Cases which have been on the docket for six months without any proceedings taken therein, except cases awaiting trial assignment, shall be dismissed, after notice to counsel of record, for want of prosecution, unless good cause be shown to the contrary."

Where, as here, a party is advised of an impending dismissal under this rule and does nothing, in effect ignoring the court's warning, it is within the inherent power of the court to dismiss such action either with or without prejudice. The appellants herein did nothing; therefore, the trial court acted properly within its discretion. Alternatively, appellants, although subject to the threat of dismissal, have the option of dismissing the action themselves, without prejudice and without a court order (see Civ. R. 41(A) (1)). The service of process and complaint upon appellee was withheld pursuant to the direct instructions of the appellants' own counsel. The appellants were not unsuccessful in obtaining service, they have purposely withheld service and have thereby forfeited any claim to protection under Civ. R. 3(A).

The appellants' assignment of error is found to be without merit and is overruled.

The judgment of the trial court is affirmed.

O'NEILL, P.J., and DONOFRIO, J., concur.