HARRELL, APPELLEE, *v.* GUEST, APPELLANT.

(No. 51228—Decided December 1, 1986.)

*David A. Beck,* for appellee.
*James W. Guest, Jr., pro se.*

JACKSON, P.J. Plaintiff Stanley L. Harrell filed a complaint in common pleas court on April 3, 1985 against defendant James W. Guest, Jr., alleging attorney malpractice.

Attempts were made to obtain service on defendant at his office and residence by certified mail and personal service.[1]

On June 21, 1985, plaintiff filed a notice to take deposition.

On October 15, 1985, the court mailed notice of a pretrial hearing to defendant at his residence address.

Defendant failed to appear at the hearing. Pursuant to Local R. 21(G)(2) of the Cuyahoga County Court of Common Pleas, the court granted judgment for the plaintiff in the amount of $15,000, plus costs.

Defendant timely appealed to this court.

I

Defendant-appellant first contends the trial court erred in granting judgment for plaintiff when defendant had not been served. During oral hearings before this court, plaintiff-appellee argued that the notice of a pretrial hearing mailed by the trial court to appellant at his residence address constituted constructive service. We disagree.

"Effective service of summons on the defendant is a necessary prerequisite to the commencement of a civil action. Civ. R. 3(A)." *Lash* v. *Miller* (1977), 50 Ohio St. 2d 63, 65, 4 O.O. 3d 155, 156, 362 N.E. 2d 642, 643.[2]

---

[1] The record reflects certified mail service to defendant's office was returned unclaimed April 25, 1985; the sheriff reported defendant was *not* found at the office address on May 13 (posted May 16); certified mail service to defendant's residence address issued May 22, marked "unclaimed" in docket entry; sheriff's receipt June 12, "defendant not found."

[2] Civ. R. 3(A) provides that "[a] civil action *is commenced* by filing a complaint with the court, if service is obtained within one year from such filing * * *." (Emphasis added.)

The record reveals that plaintiff's attempts to obtain service were unsuccessful. The record does not support plaintiff-appellee's claim that ordinary mail service was obtained on the defendant. Moreover, notice of a pretrial does not qualify as service of the summons and complaint within the meaning of the Civil Rules. See Civ. R. 4(A) and (B).

Finally, appellee is precluded from relying on Local R. 21(G)(2) (failure of counsel to appear as grounds for proceeding *ex parte*).[3] A court must have obtained personal jurisdiction over a party in order to render a valid personal judgment. See *Maryhew* v. *Yova* (1984), 11 Ohio St. 3d 154, 156, 11 OBR 471, 472, 464 N.E. 2d 538, 540.

In the case at bar, we find that service was not perfected upon the defendant, so the court had not obtained personal jurisdiction; there was clearly no waiver of service (Civ. R. 4[D]); there was no voluntary entry of appearance, nor any responsive pleading.

"In order for a judgment to be rendered against a defendant when he is not served with process, there must be a showing upon the record that the defendant has voluntarily submitted himself to the court's jurisdiction or committed other acts which constitute a waiver of the jurisdictional defense." *Maryhew, supra,* at 156-157, 11 OBR at 473, 464 N.E. 2d at 541.

Since none of these factors appears on the record, the trial court improperly rendered a judgment against defendant.

## II

Appellant next urges that the trial court erred in failing to dismiss plaintiff's complaint for lack of service within six months.

Civ. R. 4(E) provides:

"Summons: time limit for service. If a service of the summons and complaint is not made upon a defendant within six months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. * * *"

While the service of the instant summons and complaint was not made within six months of the filing of the complaint, the record reveals numerous further attempts by the plaintiff over a two and a half-month period to secure service of process when the original service of process failed.

Thus, the instant case is unlike those to which the rule is directed:

"* * * The rule is directed toward clearing the docket of those non-diligent plaintiffs who neglect follow-up, in-state process when *original* in-state service of process fails. The rule does not apply to the more time-consuming procedures involved in out-of-state or foreign service of process. The fact that Rule 4(E) is of limited application indicates its administrative, docket-clearing purpose." Editor's Note to Civ. R. 4(E) (Page's 1986 Supp.).[4]

See *Drescher* v. *Mancino* (Sept. 18, 1986), Cuyahoga App. No. 50922, unreported. (Dismissal pursuant to Civ. R. 4[E] proper when plaintiff

---

[3] Local R. 21(G)(2) provides:

"(G) Any judge presiding at a pretrial conference or trial shall have authority:

"* * *

"2. To order the plaintiff to proceed with the case and to decide and determine all matters ex parte upon failure of the defendant to appear in person or by counsel at any pretrial conference or trial as required in (H)(2) of this Rule."

[4] This approach to Civ. R. 4(E) attempts to avoid conflict with Civ. R. 3(A), which provides a plaintiff has *one year* from the date of the filing of the complaint to obtain service upon a defendant.

neglected to request follow-up service when original service failed.) For a detailed discussion of Civ. R. 4(E) and its attendant problems, see Browne, Some Problems With Proposed Civil Rule 4(E) (1984), 55 Cleve. Bar J. 164.

Appellant's second assigned error is overruled.

Accordingly, we vacate the judgment of the lower court against defendant, and reverse and remand this case for further proceedings.

*Judgment accordingly.*

ANN MCMANAMON and PATTON, JJ., concur.