BENTZ ET AL., APPELLANTS, *v.*
CARTER, APPELLEE.

(No. 54435—Decided
October 17, 1988.)

*Anne L. Kilbane,* for appellants.
*Robert A. Carter, pro se.*

STILLMAN, J. Plaintiffs-appellants, Kelly A. Bentz and Edward Bentz, appeal from the judgment of the Cuyahoga County Court of Common Pleas. Specifically, the trial court dismissed the appellants' cause of action for failure to serve the appellee with the complaint within six months of filing the complaint as mandated by Civ. R. 4(E).

On February 4, 1985, appellant Kelly Bentz was involved in a motor vehicle accident in the city of Bedford Heights with the appellee. As a result of the motor vehicle accident, appellant Kelly Bentz suffered injuries to her neck, back, and left arm.

On January 13, 1987, the appellants filed a cause of action grounded in negligence and loss of consortium in the Cuyahoga County Court of Common Pleas. The original complaint, however, identified the defendant as "Barbara A. Carter" of 11402 Hazeldell, Cleveland, Ohio, when in fact the defendant was one "Robert A. Carter" who resided at the same address. Thus, the original complaint misidentified the defendant.

Initial service of the complaint was attempted by way of certified mail which was returned unclaimed to the Clerk of Courts of Cuyahoga County. On February 19, 1987, the appellants requested that service of the complaint be perfected through the ordinary mail and on February 25, 1987, the complaint was forwarded by ordinary mail service to the misidentified defendant. The record reveals that the complaint as served by ordinary mail was not returned as unclaimed or undeliverable.

Subsequent to ordinary mail service, the appellants discovered the misidentification of the defendant in the original complaint. Therefore, in order to correct the misidentification of the defendant, the appellants filed a motion to amend the original complaint by interlineation on May 4, 1987. On May 14, 1987, the trial court granted the appellants' motion to amend the original complaint by interlineation and the identity of the defendant was corrected to "Robert A. Carter."

On August 7, 1987, a pretrial was conducted by the trial court with regard to the appellants' cause of action, at which time the trial court in-

dicated that the action would be dismissed without prejudice pursuant to Civ. R. 4(E) for failure to obtain service upon the correctly identified defendant within a period of six months from the filing of the original complaint.

On August 10, 1987, the trial court dismissed the appellants' cause of action pursuant to Civ. R. 4(E).

Thereafter, the appellants timely brought the instant appeal.

## I

The appellants' initial assignment of error is that:

"The trial court erred in dismissing plaintiffs' action for failure to obtain service pursuant to Ohio Rule of Civil Procedure 4(E) because the defendant, who accepted the complaint by ordinary mail — albeit under a misnomer — had actual notice of the action against him and had in fact been served."

The appellants, in their initial assignment of error, argue that the trial court erred in dismissing their cause of action when service had been perfected upon the appellee. Specifically, the appellants argue that the appellee had been served by ordinary mail service. Further, the appellants argue that the motion to correct the true identity of the defendant by interlineation related back to the original complaint and that the defendant was in fact aware of the pending cause of action regardless of the misidentification.

The Supreme Court of Ohio, in *Hardesty* v. *Cabotage* (1982), 1 Ohio St. 3d 114, 116-117, 1 OBR 147, 148-149, 438 N.E. 2d 431, 433-434, with regard to the amendment of an improperly named defendant in the original complaint and relation back of said amendment to the date of the original complaint, held that:

"'* * * Civ. R. 15(C) would operate to permit relation back of the amended complaint to the date of the original complaint. Thus, appellees have stated a cause of action against appellant hospital for the alleged malpractice of its physician-employees. * * *

"'* * *

"The question then becomes whether application of the relation back rule would be proper as regards the amended complaint. Civ. R. 15(C) provides, in part: 'Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense of the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.' * * *

"'* * *

"Moreover, it is equally clear from the original complaint who the intended defendant was, and if appellant did not infer this from the summons and the complaint, it should have done so.

"Such a result comports with the purpose of the Civil Rules. 'The spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies.' *Peterson* v. *Teodosio* (1973), 34 Ohio St. 2d 161, 175 [163 O.O. 2d 262, 269]. Decisions on the merits should not be avoided on the basis of mere technicalities; pleading is not ' "a game of skill in

which one misstep by counsel may be decisive to the outcome * * * [rather] the purpose of pleading is to facilitate a proper decision on the merits." *Conley* v. *Gibson,* 355 U.S. 41, 48.' *Foman* v. *Davis* (1962), 371 U.S. 178, 181-182.''

Herein, the record reveals that the complaint as originally drafted by the appellants incorrectly identified the defendant's first name. The defendant was identified as "Barbara" instead of "Robert." However, the complaint did in fact identify the defendant's correct surname and correctly identified the defendant's true address.

Although service of the original complaint was attempted by certified mail and returned as unclaimed, the appellants requested that the original complaint be served upon the defendant through ordinary mail service. Civ. R. 4.6(D), which deals with ordinary mail service, provides that service shall be considered complete when the fact of mailing by ordinary mail is entered upon the record and the ordinary mail envelope is not returned by the postal authorities with an endorsement showing a failure of delivery. This method of service has been found to be constitutional. Cf. *Akron* v. *Gay* (1976), 47 Ohio St. 2d 164, 1 O.O. 3d 96, 351 N.E. 2d 475; *Hilton* v. *Reiss* (1985), 22 Ohio App. 3d 134, 22 OBR 336, 489 N.E. 2d 1066; *Grant* v. *Ivy* (1980), 69 Ohio App. 2d 40, 23 O.O. 3d 34, 429 N.E. 2d 1188.

Additionally, a review of the original complaint, although containing a misidentified defendant's first name, reveals to any reader that a civil action was being filed as a result of a motor vehicle accident which had occurred on February 4, 1985 on Aurora Road in the city of Bedford Heights.

Applying the two-prong test of *Hardesty* to the aforesaid fact situation and the amendment of the original complaint pursuant to Civ. R. 15(C) to reflect the correct first name of the defendant-appellee, this court can but find that: (1) the defendant-appellee had received such notice of the cause of action that he was not prejudiced in maintaining a defense based upon the merits of the action; and (2) that the defendant-appellee, but for the misidentification of his first name, knew or should have known that the action was being filed against him. It should be noted, however, that this determination arises only as a result of the correct address of the true defendant being contained in the original complaint. An incorrect address would have clearly resulted in a failure of service.

Therefore, we hold that the amendment of the original complaint pursuant to Civ. R. 15(C) to reflect the true first name of the defendant-appellee related back to the date of the original complaint and that the true defendant-appellee had received proper notice of the pending action by way of ordinary mail service.

Thus, the appellants' first assignment of error is well-taken.

## II

The appellants' second assignment of error is that:

"The trial court abused its discretion in dismissing plaintiffs' action for failure to obtain service pursuant to Ohio Rule of Civil Procedure 4(E) because plaintiff[s] had shown good cause why service had not been made within the period set forth in the rule."

The appellants, in their second assignment of error, argue that the trial court abused its discretion in dismissing their cause of action pursuant to Civ. R. 4(E).

Civ. R. 4(E), which deals with summons and time limit for service, provides that:

"If a service of the summons and complaint is not made upon a defendant within six months after the filing

of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. This division shall not apply to out-of-state service pursuant to Rule 4.3 or to service in a foreign country pursuant to Rule 4.5."

This court, in *Harrell* v. *Guest* (1986), 33 Ohio App. 3d 163, 164-165, 514 N.E. 2d 1137, 1139, with regard to the dismissal of a complaint pursuant to Civ. R. 4(E), held that:

"While the service of the instant summons and complaint was not made within six months of the filing of the complaint, the record reveals numerous further attempts by the plaintiff over a two and a half-month period to secure service of process when the original service of process failed.

"Thus, the instant case is unlike those to which the rule is directed:

" '* * * The rule is directed toward clearing the docket of those non-diligent plaintiffs who neglect follow-up, in-state process when *original* in-state service of process fails. The rule does not apply to the more time-consuming procedures involved in out-of-state or foreign service of process. The fact that Rule 4(E) is of limited application indicates its administrative, docket-clearing purpose.' Editor's Note to Civ. R. 4(E)(Page's 1986 Supp.).

"See *Drescher* v. *Mancino* (Sept. 18, 1986), Cuyahoga App. No. 50922, unreported. (Dismissal pursuant to Civ. R. 4[E] proper when plaintiff neglected to request follow-up service when original service failed.) For a detailed discussion of Civ. R. 4(E) and its attendant problems, see Browne, Some Problems With Proposed Civil Rule 4(E) (1984), 55 Cleve. Bar. J. 164." (Footnote omitted.)

Herein, the appellants initially attempted service upon the defendant-appellee by way of certified mail albeit the complaint reflected an incorrect defendant's first name. Upon notice of failure of service, the appellants pursued an alternative method of service of the complaint through ordinary mail service which was not returned as unclaimed or undelivered. Additionally, the appellants corrected the misnomer of the defendant-appellee's first name by way of a motion to amend the original complaint by interlineation which was granted by the trial court. This history of service of process and the correction of the misnomer do not reflect a conduct of dereliction or procrastination on the part of the appellants that Civ. R. 4(E) was intended to correct. In fact, the record demonstrates that the appellants attempted to prosecute their cause of action with due diligence.

As stated in *Harrell,* Civ. R. 4(E) is to be applied only when a plaintiff is negligent in obtaining service upon the defendant. Herein, the appellants were not negligent in attempting service upon the defendant-appellee. Therefore, the trial court abused its discretion in dismissing the appellants' complaint pursuant to Civ. R. 4(E).

Thus, the appellants' second assignment of error is well-taken.

*Judgment reversed*
*and cause remanded.*

MARKUS, P.J., and NAHRA, J., concur.

SAUL G. STILLMAN, J., retired, of the Eighth Appellate District, sitting by assignment.