[Cite as *Davis v. Johnson*, 2021-Ohio-85.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Douglas C. Davis, et al.

    Appellees

v.

Douglas G. Johnson

    Defendant

[David G. Johnson—Appellant]

Court of Appeals No. L-19-1268

Trial Court No. CVF-18-19416

**DECISION AND JUDGMENT**

Decided: January 15, 2021

* * * * *

David G. Johnson, pro se.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, David Johnson, appeals the judgment of the Toledo Municipal Court, Housing Division, denying appellant's motion for relief from the default judgment granted to appellees, Douglas and Irene Davis, on their "Complaint for Money on Land Contract." For the reasons that follow, we reverse.

**I. Facts and Procedural Background**

{¶ 2} This litigation commenced on October 29, 2018, when appellees filed their complaint for breach of performance of a land installment contract for real property at 16 East Sylvania Avenue, Toledo, Ohio. The land installment contract, which was recorded on February 3, 2016, provided that appellees would sell and convey the property to appellant for $18,800, payable in a down payment of $2,000, with the remaining balance to be paid in monthly installments of $350. The complaint alleged that the defendant failed to abide by the terms and conditions of the contract, and failed to make the required payments under the contract. The complaint prayed for a monetary judgment for the unpaid amount.

{¶ 3} Relevant here, the caption of the complaint listed the defendant as "Douglas G. Johnson." However, in the body of the complaint, as well as the recorded land installment contract, the defendant was identified as "David G. Johnson."

{¶ 4} On October 31, 2018, service was attempted on "Douglas G. Johnson" by certified mail to an address in Deerfield, Michigan. That service was returned "unclaimed." Service was then sent to "Douglas G. Johnson" by ordinary mail to the same address in Deerfield, Michigan, on December 4, 2018. The ordinary mail envelope was not returned with an endorsement showing failure of delivery.

{¶ 5} Because the defendant never responded to the complaint, on June 25, 2019, appellees moved for default judgment. The caption for the motion for default judgment named "David G. Johnson" as the defendant. Likewise, the caption for the attached proposed judgment entry also named the defendant as "David G. Johnson." Appellees

2.

certified that they served the motion for default judgment on "David G. Johnson" at the Deerfield, Michigan, address, a Toledo, Ohio, address, and by electronic mail to an unspecified address.

{¶ 6} Notably, appellees never moved to amend the complaint pursuant to Civ.R. 15(C) to name "David G. Johnson" as the proper defendant.

{¶ 7} On July 11, 2019, the trial court signed and entered the default judgment entry proposed by appellees, thereby entering judgment against "David G. Johnson." Rather than awarding monetary damages to appellees as prayed for in the complaint, the default judgment entry terminated the land installment contract, and awarded immediate possession of 16 East Sylvania Avenue to appellees. A certified copy of the judgment entry was issued to "Douglas G. Johnson" on July 12, 2019.

{¶ 8} On July 18, 2019, appellant filed a pro se "Emergency Ex Parte Motion to Vacate Default Judgment Pursuant to ORCP 60(B)." In his motion, appellant alleged that counsel for appellees deliberately and fraudulently sued him in the wrong name, and obtained a default judgment against a person who was not a party. Appellant also alleged that the trial court lacked jurisdiction to foreclose the property because he has paid off the contract. As proof, appellant provided his bank statements through August 2018, purportedly showing that he made the $350 monthly payments.

{¶ 9} Also attached to appellant's motion was his affidavit in which he described that on June 14, 2018, appellees transferred the deed to 16 East Sylvania Avenue to James Clark, Jr. A copy of that deed was recorded on June 26, 2018. On July 18, 2018,

3.

James Clark, Jr., transferred the property to his son, James M. Clark, III, via a quitclaim deed, which was recorded on the same day. On July 20, 2018, appellant, as the Trustee for the David G. Johnson II Family Trust dated November 11, 2016, purchased the property at 16 East Sylvania Avenue from James M. Clark, III. The July 20, 2018 quitclaim deed was never recorded.

{¶ 10} Appellant further alleged that on July 25, 2018, a fraudulent quitclaim deed was executed purporting to transfer ownership of 16 East Sylvania Avenue from James M. Clark, III, to appellees. This deed was recorded on September 5, 2018. Appellant attached an affidavit from James M. Clark, III, dated November 7, 2018, in which Clark states that he sold the property to appellant on July 20, 2018; that he did not sign the July 25, 2018 quitclaim deed; and that the July 25, 2018 quitclaim deed is a forgery.

{¶ 11} The trial court, on the same day that appellant's emergency ex parte motion was filed, noted that appellant had not served the motion on appellees, and thus denied appellant's request for an emergency ex parte hearing. The docket reflects that appellant subsequently served the motion on appellees on July 26, 2019.

{¶ 12} On July 30, 2019, appellees requested mediation, which the trial court granted on August 2, 2019.

{¶ 13} Thereafter, on August 7, 2019, appellant filed an "Objection to Mediation Referral Demand for Hearing on Emergency Ex Parte Motion to Vacate Default Judgment Pursuant to ORCP 60(B)." In his August 7, 2019 motion, appellant asserted

4.

that counsel for appellees fraudulently sued the wrong party, and that he was never served or notified of the action until after default judgment was entered. Appellant further reiterated that he has paid off the property, and that counsel for appellees created a cloud in the title to the property through fraud.

{¶ 14} Appellees responded to appellant's August 7, 2019 motion. In their response, appellees explained that the deed recorded on June 26, 2018, transferring the property from appellees to James Clark, Jr., was a mistake. According to appellees, James M. Clark, III, acknowledged the mistake, and on June 28, 2018, offered to sign a deed transferring the property back to appellees. That deed was finally executed on July 25, 2018, and appellees asserted that through August 2018, Clark III repeatedly acknowledged that he mailed the deed to appellees. Ultimately, the July 25, 2018 deed was received and recorded on September 5, 2018.

{¶ 15} Beginning on September 8, 2018, appellees and counsel for appellees began receiving emails and text messages from Clark III threatening to file criminal charges for forging his initials on the July 25, 2018 deed. Appellees believe that they also received threatening texts and phone messages from appellant, but using Clark III's name.

{¶ 16} In their response, appellees also asserted that the transfer from Clark Jr. to Clark III, and then the sale from Clark III to appellant was all part of a scam to swindle

5.

money from appellant. Furthermore, appellees argued that appellant's claim that he purchased the property from Clark III smacks of fraud.

{¶ 17} On August 12, 2019, the trial court denied appellant's objection to the mediation referral, and confirmed that mediation was to occur on September 12, 2019. Appellant failed to appear at the mediation.

{¶ 18} Thereafter, on October 10, 2019, the trial court entered a judgment ordering that "the original judgment entry on July 8, 2019 is hereby adopted by this court. [Appellees] granted immediate possession of the property."

## II. Assignments of Error

{¶ 19} Appellant has timely appealed the trial court's October 10, 2019 judgment entry, and now asserts five assignments of error for our review:

1. The trial court erred when it entered a default judgment against David G. Johnson II without amending the complaint for the purpose of suing the proper party.

2. The trial court erred when it assumed in personam jurisdiction over the appellant who was an unnamed, unserved, and an out of state resident as against federal and state law rendering the judgment of default void ab initio because it was issued without jurisdiction to do so.

3. The trial court erred when it assumed in rem jurisdiction over the appellant's property and ordered said property forfeited pursuant to the judgment of default.

6.

4. The trial court erred by failing to schedule a hearing on the appellant's emergency ex parte motion to vacate default judgment pursuant to ORCP 60(B).

5. The trial court erred in denying the appellant's emergency ex parte motion to vacate default judgment pursuant to ORCP 60(B), to wit:

A. The trial court sanctioned a fraud upon the court as contained in the motion which set out facts and law showing that attorney Yoder deliberately sued the wrong party for the purpose of submitting a fraudulent judgment of default.

B. The trial court erred in failing to find the quit claim deed recorded September 5, 2018, a fraud as demonstrated by affidavits and direct evidence.

C. The trial court erred when it failed to vacate the judgment of default and dismiss the matter with prejudice pursuant to the appellant's emergency ex parte motion to vacate default judgment pursuant to ORCP 60(B) because the trial court lacked jurisdiction pursuant to ORC 5313.07.

### III. Analysis

{¶ 20} In his first assignment of error, appellant argues that the trial court erred in entering a default judgment against him when the complaint named "Douglas G. Johnson" as the defendant.

7.

{¶ 21} Civ.R. 3(A) provides that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant, or upon an incorrectly named defendant whose name is later corrected pursuant to Civ.R. 15(C)."

{¶ 22} In support of his position that an action was never properly commenced, appellant cites *Patterson v. V & M Auto Body*, 63 Ohio St.3d 573, 576, 589 N.E.2d 1306 (1992), in which the Ohio Supreme Court determined, "If a defendant in a lawsuit is not an actual or legal entity, then any judgment rendered against that entity is void. * * * No action has been commenced pursuant to Civ.R. 3(A)." (Internal citations omitted). In *Patterson*, the plaintiff sued V & M Auto Body, which was a fictitious name used by Victor Searfoss acting as a sole proprietor. Despite being notified on at least three occasions that the proper defendant was Searfoss, the plaintiff never moved to amend the complaint. Ultimately, while recognizing that "[t]he spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies," the Ohio Supreme Court held that "since this lawsuit was brought against a nonentity, it was never properly commenced." *Id.* at 577.

{¶ 23} Here, in contrast, appellees did not sue a fictitious entity, but rather simply made a mistake by captioning the complaint with "Douglas G. Johnson" as the defendant instead of "David G. Johnson." In that way, this case is more akin to *Owners Ins. Co. v. Blakemore*, 6th Dist. Lucas No. L-01-1342, 2002-Ohio-239. In *Owners*, the plaintiff filed a complaint against "Timothy Blakemore." The defendant's correct name, however,

8.

was "Timothy Blakeman." The complaint and summons was served by certified mail to "Timothy Blakemore" at an address in Maumee, Ohio, and were signed for by "Timothy Blakeman." The defendant never filed an answer, and the plaintiff moved for default judgment against "Timothy Blakemore." After the assessment hearing, the trial court awarded the plaintiff $25,000 against "Timothy Blakeman." This was the first time that "Timothy Blakeman" appeared in the record, and the plaintiff never moved to amend the complaint. Blakeman moved to vacate the judgment, arguing that the trial court lacked personal jurisdiction over him. The trial court disagreed, reasoning that (1) service of the complaint was sent to the address listed in the relevant accident report; (2) Blakeman acknowledged the fact that he signed the return receipt for service of process; (3) Blakeman admitted to being the driver of the vehicle involved in the accident; and (4) Blakeman and Blakemore are very similar names.

{¶ 24} On appeal, this court reversed. This court relied on the Editor's Note to Civ.R. 3(A), which states, "'if a plaintiff timely files his action within the limitations period and perfects service within one year on the proper defendant, *but inadvertently misspells that defendant's name in the complaint*, the plaintiff may amend his complaint in order to set forth defendant's correct name, and that amendment, pursuant to Civ.R. 15(C), will relate back to the time of the commencement of the action.' (Emphasis added.)" *Owners* at *3. This court reasoned that the plaintiff failed to amend the complaint to correct the defendant's misspelled name, and thus "this cause was never

9.

commenced against Timothy Blakeman, the court never acquired personal jurisdiction over Blakeman and, consequently, the default judgment was void *ab initio*." *Id.*

{¶ 25} Although akin to *Owners*, we find the present case to be meaningfully distinguishable. Notably, unlike *Owners*, the rest of the complaint, and all other filings, referred to "David G. Johnson" as the defendant. Ohio courts have held that "[t]he caption of the case is not controlling. It is the substance of a pleading that determines its operative effect. * * * Courts can look to the body of the complaint to determine the parties to the complaint." (Internal citations omitted). *Engelhart v. Bluett*, 1st Dist. Hamilton No. C-160189, 2016-Ohio-7237, ¶ 12. *See also Auer v. Paliath*, 2d Dist. Montgomery No. 27004, 2016-Ohio-5353, ¶ 43; *Briggs v. Wilcox*, 8th Dist. Cuyahoga No. 98364, 2013-Ohio-1541, ¶ 37; *Shelton v. LTC Mgmt. Servs.*, 4th Dist. Highland No. 03CA10, 2004-Ohio-507, ¶ 7. Thus, while it certainly would have been a best practice for appellees to move to amend the complaint to change the caption, it is clear from the substance of the complaint that appellant was the properly named defendant. Therefore, we hold that the action was commenced against appellant under Civ.R. 3(A).

{¶ 26} Accordingly, appellant's first assignment of error is not well-taken.

{¶ 27} In his second and third assignments of error, appellant argues that he was not properly served, and therefore the trial court did not have jurisdiction over him.

{¶ 28} Civ.R. 4.1(A)(1)(a) provides for service by certified mail. Civ.R. 4.6(D) provides that where service by certified mail is returned unclaimed, and the serving party requests service by ordinary mail, "the clerk shall send by United States ordinary mail a

10.

copy of the summons and complaint or other document to be served to the defendant at the address set forth in the caption, or at the address set forth in written instructions furnished to the clerk." "Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery." *Id.*

{¶ 29} In this case, service was first attempted by certified mail, which was returned unclaimed. Service was then sent by ordinary mail to "Douglas G. Johnson" at the Deerfield, Michigan address. The ordinary mail envelope was not returned.

{¶ 30} "If the plaintiff follows the Civil Rules governing service of process, courts presume that service is proper unless the defendant rebuts this presumption with sufficient evidence of nonservice." *Treasurer of Lucas Cty. v. Mt. Airy Invests. Ltd.*, 6th Dist. Lucas No. L-18-1254, 2019-Ohio-3932, ¶ 15, citing *Cavalry Invests., LLC v. Clevenger*, 6th Dist. Lucas No. L-05-1103, 2005-Ohio-7003, ¶ 10. "Before finding that an underlying judgment is void for lack of service, the trial court must determine whether the defendant presented 'sufficient evidence of nonservice' to rebut the presumption of proper service." *Id.*, quoting *United Home Fed. v. Rhonehouse*, 76 Ohio App.3d 115, 125, 601 N.E.2d 138 (6th Dist.1991). "The presumption of proper service can be rebutted by 'demonstrating a procedural flaw in the service: use of the wrong address, receipt by someone who is not a proper person, or untimely mailing or receipt.'" *Id.*, quoting *Gaston v. Medina Cty. Bd. of Revision*, 133 Ohio St.3d 18, 2012-Ohio-3872, 975 N.E.2d 941, ¶ 14.

11.

{¶ 31} Appellant claims that service was flawed because it was sent to "Douglas G. Johnson." However, where service of process is attempted first by certified mail and then by ordinary mail, and defendant's first name is misidentified, service may be deemed completed where defendant's surname and address are correct and the ordinary mail envelope was not returned. *Bentz v. Carter*, 55 Ohio App.3d 120, 122, 562 N.E.2d 925 (8th Dist.1988) (service on "Barbara A. Carter" instead of "Robert A. Carter" was proper where complaint identified correct surname and the defendant's true address); *see also Advance Sign Co., Inc. v. Mak Motel, Inc.*, 9th Dist. Lorain No. 91CA005041, 1991 WL 215010 (Oct. 16, 1991) (service proper when defendant served as "Bob Patel," but his real name is "Bhupendra Patel" and complaint identified Patel as the party named in the action and Patel's address was correct).

{¶ 32} In this case, the defendant's surname was correctly identified as Johnson. Further, the ordinary mail envelope containing the copy of the complaint and summons was not returned. Finally, the Deerfield, Michigan address was correct since appellant never denied that it was his address, and he actually received the default judgment at that address as evidenced by the fact that he attached to his emergency ex parte motion to vacate a copy of the envelope that was sent to "Douglas A. Johnson." Therefore, we hold that appellant was properly served, and the trial court had jurisdiction to enter the default judgment.

{¶ 33} Accordingly, appellant's second and third assignments of error are not well-taken.

12.

{¶ 34} In his fourth and fifth assignments of error, appellant argues that the trial court erred in denying his Civ.R. 60(B) motion for relief from judgment, and that it erred in doing so without a hearing. We review the denial of a Civ.R. 60(B) motion for an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). An abuse of discretion connotes that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 35} To prevail on a motion under Civ.R. 60(B), the movant must demonstrate: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976). "These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994).

{¶ 36} "If the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the

13.

motion." *Coulson v. Coulson*, 5 Ohio St.3d 12, 16, 448 N.E.2d 809 (1983), quoting *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105, 316 N.E.2d 469 (8th Dist.1974).

{¶ 37} Here, because appellant has alleged operative facts that would warrant relief under Civ.R. 60(B), we hold that the trial court erred when it denied appellant's motion without a hearing.

{¶ 38} As to the first prong of the *GTE* test, appellant has alleged two meritorious defenses. The first is that he has paid the land installment contract. As evidence, appellant attached several years of his bank statements, many of which show a payment of $350. The second defense is that appellees fraudulently obtained title to the property in dispute. In support of this defense, appellant attached the affidavit of James M. Clark III, in which Clark avers that the July 25, 2018 deed transferring the property back to appellees was a forgery. Either of these, if true, would constitute a defense in part or in whole to the cause of action, and are therefore meritorious. *See Parts Pro Automotive Warehouse v. Summers*, 2013-Ohio-4795, 4 N.E.3d 1054, ¶ 11 (8th Dist.) ("A defense is meritorious if it is not a sham and when, if true, it states a defense in part or in whole to the cause of action set forth.").

{¶ 39} Turning to the second prong, appellant has alleged that counsel for appellees has committed a fraud upon the court, which would fall under the catch-all category of Civ.R. 60(B)(5). *See Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 448 N.E.2d 1365 (1983), paragraph one of the syllabus ("Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the

14.

unjust operation of a judgment, but is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B).").  In addressing the difference between "fraud upon the court" under Civ.R. 60(B)(5) and "fraud" under Civ.R. 60(B)(3), the Ohio Supreme Court adopted the reasoning that:

> "'Fraud upon the court' should, we believe, embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by the officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.  Fraud, *inter partes*, without more, should not be a fraud upon the court, but redress should be left to a motion under 60(b)(3) or to the independent action."  7 Moore's Federal Practice (2 Ed.1971) 515, Paragraph 60.33.

*Coulson* at 15.

{¶ 40} Specifically, appellant alleges two instances of fraud.  The first is that appellees fraudulently brought an action against the wrong party for purposes of deception and ultimately obtaining a judgment against appellant.  This would fall under fraud upon the court under Civ.R. 60(B)(5).  But, as discussed above, appellees' mistake was limited to the misnaming of appellant in the caption of the complaint.  The rest of the complaint, and all other subsequent filings properly named appellant as the defendant.  Consequently, the action was properly commenced against appellant as the defendant.

15.

Thus, on this point, appellant has not alleged facts that would constitute fraud upon the court.

{¶ 41} His second allegation, in contrast, alleges that appellees forged the deed transferring the property from James M. Clark, III back to them. Thus, appellant is alleging fraud between the parties, which would fall under Civ.R. 60(B)(3) ("fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party"). However, "the fraud, misrepresentation, or other misconduct contemplated by Civ.R. 60(B)(3) refers to deceit or other unconscionable conduct committed by a party to obtain a judgment and does not refer to conduct that would have been a defense to or claim in the case itself." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 13. In this case, the allegation of a forged deed would have been a defense to appellees' claim. It is not the type of fraud that deceived appellant to obtain a judgment. Indeed, appellees' conduct in allegedly forging the deed did not in any way prevent appellant from defending against appellees' claim as the affidavit of James M. Clark, III, that appellant relies upon, was signed and notarized by Clark III on November 7, 2018, which was before appellant was even served with the complaint by ordinary mail. Thus, appellant has not alleged facts that would entitle him to relief under Civ.R. 60(B)(3). *See Kuchta* at ¶ 14 (defendant's allegation that bank committed fraud by falsely claiming to be the owner of the note and mortgage when it filed the foreclosure action did not prevent defendant from appearing and

16.

presenting a full defense, and thus did not establish entitlement to relief under Civ.R. 60(B)(3)).

{¶ 42} Alternatively, appellant argues in his brief that the trial court lacked jurisdiction to foreclose on the property pursuant to R.C. 5313.07, which provides that "If the vendee of a land installment contract * * * has paid toward the purchase price a total sum equal to or in excess of twenty per cent thereof, the vendor may recover possession of his property only by use of a proceeding for foreclosure and judicial sale of the foreclosed property as provided in section 2323.07 of the Revised Code." Initially, we note that R.C. 5313.07 is not a jurisdictional statute, but rather is a limit on the remedies available to the trial court in an action for breach of a land installment contract. Nevertheless, while appellant has framed his argument as being jurisdictional, we find that it also raises the issue that the trial court awarded relief to appellees that it was not permitted to award, which would fall under the catchall provision of Civ.R. 60(B)(5).

{¶ 43} Civ.R. 54(C) provides that "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." "[T]he limitations on default judgments in Civ.R. 54(C) protect defendants from being subjected to unpled liability as a consequence of failing to answer a complaint and * * * the primary purpose of the rule is to afford parties notice of potential liability so they may determine whether to defend a case." *Fors v. Beroske*, 6th Dist. Fulton No. F-12-001, 2013-Ohio-1079, ¶ 25, citing *Masny v. Vallo*, 8th Dist. Cuyahoga No. 84983, 2005-Ohio-2178, ¶ 18. "In our view, providing relief from such judgments under Civ.R. 60(B)(5)

17.

operates to promote the protections afforded under Civ.R. 54(C) and to present a means to relieve litigants from unjust operation of judgments violating the rule." *Id.* Here, in their complaint, appellees prayed only for "judgment against the Defendant, David G. Johnson, in an amount that will be proven at hearing, interest at a rate of 6% pursuant to the land installment contract as well at (sic) the costs of this action." When they moved for default judgment, however, appellees sought—and the trial court awarded—immediate possession of the property. Because the default judgment award was different in kind from that prayed for in the complaint, we hold that appellant has alleged operative facts that would entitle him to relief under Civ.R. 60(B)(5).

{¶ 44} Finally, as to the third prong of the *GTE* test, we find that the motion for relief from judgment was filed timely within seven days of the default judgment.

{¶ 45} Therefore, we find that appellant has alleged operative facts that, if proven true, would entitle him to relief under Civ.R. 60(B). Furthermore, we find that the trial court's denial of appellant's motion without a hearing was arbitrary in that at no point did the court attempt to address the merits of appellant's motion, but instead appeared to summarily deny the motion because appellant did not participate in mediation. As a result, we hold that the trial court abused its discretion when it denied appellant's motion for relief from judgment without a hearing.

{¶ 46} Accordingly, appellant's fourth and fifth assignments of error are well-taken.

18.

## IV. Conclusion

{¶ 47} Having found that the trial court committed prejudicial error to appellant and that substantial justice has not been done, the judgment of the Toledo Municipal Court, Housing Division, is reversed and the October 10, 2019 judgment is vacated. This matter is remanded to the trial court for a hearing on appellant's motion for relief from judgment and other further proceedings consistent with this decision. Appellees are ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.

Thomas J. Osowik, J.

Gene A. Zmuda, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.