[Cite as *Hunter v. Crumrine*, 2023-Ohio-4784.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| DAVID M. HUNTER, GUARDIAN | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Andrew J. King, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 23-COA-010 |
| LAWRENCE CRUMRINE, ET AL | : |  |
|  | : |  |
| Defendants-Appellants | : | OPINION |

CHARACTER OF PROCEEDING:     Appeal from the Ashland County Court of Common Pleas, Probate Division, Case No. 20112036A

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     December 28, 2023

APPEARANCES:

For Plaintiff-Appellee

DAVID M. HUNTER
244 West Main Street
Loudonville, OH 44842

For Defendant-Appellant Blain

BRUCE M. BROYLES
Box 834
Cambridge, OH 43725

*Gwin, P.J.*

{¶1} Appellant Edward Eugene Blain appeals the April 27, 2023 judgment entry of the Ashland County Court of Common Pleas, Probate Division, overruling his Civil Rule 60(B) motion for relief from judgment.

*Facts & Procedural History*

{¶2} On November 17, 2022, appellee David M. Hunter ("Hunter") filed a complaint for the sale of real estate pursuant to R.C. 2127. Hunter is the guardian of Lawrence Crumrine ("Crumrine"). The complaint states Crumrine owns an undivided half-interest in real estate located in Troy Township in Ashland County. Hunter further avers it is in the best interest of Crumrine to sell the property because Crumrine's income is insufficient to pay his monthly obligations. In the complaint, Hunter asks the court to authorize him to sell the real estate while protecting the rights and interests of the other defendants.

{¶3} The complaint lists "Eugene Blain" as a defendant, and states, "Eugene Blain is also an undivided one-half interest owner of the real estate located in Troy Township, Ashland County, Ohio as set forth in Exhibit A." At the request of Hunter, the trial court appointed a process server on November 28, 2022. A document entitled "return of service" was filed on December 13, 2022. In the document, the process server states he personally served Eugene Blain on December 11, 2022.

{¶4} On February 10, 2023, Hunter filed a motion for default/motion for judgment on the pleadings. The trial court granted the motion on February 16, 2023, and ordered Hunter to sell the real estate "as a whole or an undivided one-half interest at either a private sale or public auction." Further, in the judgment entry, the court specifically found,

"Edward Eugene Blain is an undivided one-half owner in the real estate [and] * * * upon sale of the real estate, Defendant, Edward Eugene Blain, shall be paid from the proceeds of the sale, an amount as determined by the Court, after payment of all expenses associated with the sale."  Blain did not appeal the February judgment entry.

{¶5}    Blain filed a Civil Rule 60(B) motion for relief from judgment on April 3, 2023. Blain attached an affidavit to his motion and averred as follows:  in the early part of December 2022, he was handed paperwork from the Ashland County Probate Court; he was unaware of any probate issues or matters involving him; the paperwork was addressed to "Eugene Blain," not his legal name of "Edward Eugene Blain" and thus he disregarded the paperwork; on March 31, 2023, he encountered a realtor putting "for sale" signs on the property; he did an online search and discovered a judgment entry issued on February 16 against "Eugene Blain"; he has legal title to fifty percent of the real estate; he has never consented to the sale of the real estate; and the probate court does not have jurisdiction to order a sale.

{¶6}    Hunter filed a response to the motion on April 11, 2023.  Hunter argued Blain did not have a meritorious defense to the complaint because the sale is necessary for the support and maintenance of Crumrine and Blain's consent to the sale is not required.  Hunter also stated that he personally sent a letter to Blain on February 13, 2023 offering Blain the opportunity to purchase Crumrine's share for $255,000.  After Blain did not respond, Hunter texted Blain, who replied that he was going to purchase the real estate.  Blain did not appear for the agreed-upon closing date of March 18, 2023. Attached to Hunter's response to the 60(B) motion are the following:  a letter from Hunter to Blain dated February 13, 2023, asking whether he wanted to purchase Crumrine's half-

interest for $255,000 and stating "please advise"; text messages between Blain to Hunter dated February 27, 2023 at 5:54 p.m. in which Hunter asked Blain if he was going to buy Crumrine's share and Blain responded, "Ok I will.  Yes it is sold"; text messages between Blain and Hunter dated March 8, 2023 stating Blain thought the closing on his purchase of the real estate was on March 18, 2023; text messages between Blain and Hunter dated March 17, 2023 at 4:30 p.m. in which Blain stated he never received a copy of the court order and Hunter responding that he would e-mail him the documents; and an e-mail from Hunter to Blain on March 17, 2023 containing copies of the February  judgment entry, the February 10, 2023 motion, the copy of the letter from Hunter to Blain dated February 13, 2023; and a copy of the complaint for the sale of real estate.  Blain filed a reply brief on April 17, 2023.

{¶7}    The trial court issued an order on April 27, 2023 denying Blain's motion. The trial court found Blain's Rule 60(B) motion was timely.  However, the trial court found Blain did not demonstrate excusable neglect because Blain admitted receiving a copy of the court documents, but chose to ignore them.  The trial court further found Blain did not have a meritorious defense because there are no statutory provisions that require the consent of a 50% owner of the real estate before it may be sold by a guardian when necessary for the support or payment of debts of the ward, and because R.C. 2127.08 provides that when a ward's interest in property is fractional and undivided, the guardian may require the action include sale of the entire property.  The trial court noted that Hunter and the court itself protected Blain's interest as required by statute by providing in the sale order that Blain would be paid for his interest in the real estate.  Finally, the trial court found Blain's argument regarding a partition action to be not well-taken, as the probate

court specifically has jurisdiction to authorize the sale of lands on the petition of the guardian without a partition action.

{¶8} Blain appeals the April 27, 2023 judgment entry of the Ashland County Court of Common Pleas, Probate Division, and assigns the following as error:

{¶9} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE MOTION FOR RELIEF FROM JUDGMENT."

I.

{¶10} In his assignment of error, appellant argues the trial court committed error in denying his Civil Rule 60(B) motion for relief from judgment.

{¶11} In this case, Blain did not file a timely appeal of the trial court's February 16, 2023 judgment entry. Rather, he filed a motion to vacate the judgment, and subsequently appealed the denial of that motion to this Court. It is well-established that a "party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal." *Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128, 502 N.E.2d 605 (1986).

{¶12} The arguments appellant presented in his Civil Rule 60(B) motion to vacate (the complaint and summons were addressed to "Eugene Blain" as opposed to the correct legal name of "Edward Eugene Blain," his consent to sell the real estate was required, and the probate court did not have jurisdiction to order the sale) could have been raised in a timely direct appeal of the February 16th order. The claimed deficiencies or defects in the procedure followed by the trial court are matters that could have been raised and resolved on direct appeal, and appellant's motion to vacate was a substitute for appeal. Since a Civil Rule 60(B) motion cannot be used as a substitute for appeal, the trial court correctly denied the motion to vacate. *McCown v. Eichenberger*, 5th Dist. Delaware No.

22 CAG 01 0001, 2022-Ohio-2861, appeal not allowed, 169 Ohio St.3d 1431, 2023-Ohio-381, 202 N.E.3d 719; *Anderson v. Anderson*, 5th Dist. Holmes No. 04CA010, 2005-Ohio-2306 (whether trial court afforded appellant notice prior to hearing for default judgment was improper attempt to collaterally attack trial court's original entry when it was argued in a motion to vacate); *Hazelwood Assn., Inc. v. Helfrich*, 5th Dist. Licking No. 2021 CA 00033, 2022-Ohio-174 (defendant's claim that it did not receive notice prior to dismissal was apparent from the face of the record and appellee could have raised the issue on direct appeal).

{¶13} Even if the Civil Rule 60(B) motion to vacate was not being used as a substitute for appeal, we find the trial court did not abuse its discretion in denying the motion to vacate.

{¶14} To prevail on a motion for relief brought under Civil Rule 60(B), a movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civil Rule 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *." *GTE Automatic, Inc. v. ARC Indus.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976). A failure to establish any one of these three requirements will cause the motion be overruled. *Argo Plastic Prod. Co. v. Cleveland*, 15 Ohio St.3d 389, 474 N.E.2d 328 (1984). There is no dispute that the motion in this case was made within a reasonable time.

{¶15} A motion for relief from judgment is addressed to the sound discretion of the trial court and must not be disturbed by this Court absent an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 514 N.E.2d 1122 (1987). The Supreme Court of Ohio has defined the term of abuse of discretion as implying the court's attitude is unreasonable,

arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

*Excusable Neglect*

{¶16} Appellant contends he demonstrated excusable neglect because: (1) the complaint and summons were sent to "Eugene Blain" instead of "Edward Eugene Blain" and (2) the complaint only requested the sale of the ward's undivided half-interest, not Blain's interest, which is a violation of Civil Rule 54(C).

{¶17} In his motion, appellant did not state which portion of Civil Rule 60(B)(1) – (5) under which he sought to vacate the judgment. However, it appears from the contents of his motion that he argued excusable neglect pursuant to Civil Rule 60(B)(1), and now argues the trial court abused its discretion in finding no excusable neglect. To determine whether neglect is "excusable" under Civil Rule 60(B)(1), a court must consider all the surrounding facts and circumstances. *Rose Chevrolet v. Adams*, 36 Ohio St.3d 17, 520 N.E.2d 564 (1988). Excusable neglect has been defined as some action "not in consequence of the party's own carelessness, inattention, or willful disregard of the process of the court, but in consequence of some unexpected or unavoidable hinderance or accident." *Maggiore v. Barnesfeld*, 5th Dist. Stark Nos. 2011CA00180, 2011CA00230, 2012-Ohio-2909. Further, "excusable neglect is not present if the party seeking relief could have prevented the circumstances from occurring." *Id.*

{¶18} In this case, we find the trial court did not abuse its discretion in finding no excusable neglect under these facts and circumstances.

{¶19} While the complaint and summons were addressed to "Eugene Blain" instead of "Edward Eugene Blain," Blain admitted that he personally received the

envelope with the paperwork inside from the process server at his correct address. The process server appointed by the trial court signed the "return of service," stating he "personally served" the documents on Blain on December 11, 2022. Because he was "unaware of any probate issues or matters" involving him, Blain disregarded the paperwork.

{¶20} Courts have upheld the validity of service on a party who is identified in the pleadings by the wrong name as long as that person had actual notice of the suit. *Bentz v. Carter*, 55 Ohio App.3d 120, 562 N.E.2d 925 (8th Dist. 1988) (service valid with incorrect first name because last name and address were correct); *Advance Sign Co., Inc. v. Mak Motel, Inc.*, 9th Dist. Lorain No. 91CA005041, 1991 WL 215010 (Oct. 16, 1991) (service valid even though first name was incorrect when the complaint identified the transaction at issue and contained the correct address); *Davis v. Johnson*, 6th Dist. Lucas No. L-19-1268, 2021-Ohio-85 (if first name is misidentified, service is proper when the surname and address are correct and ordinary mail envelope not returned). Pursuant to Ohio Civil Rule 9(A), a party who is misnamed has to raise the issue by negative averment. Here, Blain admitted he received the paperwork directly from the process server at his correct address; however, he simply disregarded it. The service was reasonably calculated, under the circumstances, to apprise Blain of the pendency of the action, consistent with due process. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950).

{¶21} Blain could have prevented the circumstances (i.e., the default judgment) from occurring by not disregarding the paperwork. It is well-established that Civil Rule 60(B) is not intended to afford pro se litigant's relief from mistakes from the lack of legal

counsel or from a pro se litigant's unfamiliarity with the legal system, confusion, or misunderstanding of the law. *Sydnor v. Qualls*, 4th Dist. Scioto No. 15CA3701, 2016-Ohio-8410. This Court has previously held that an appellant's legal inexperience does not equate to excusable neglect and the failure to seek legal advice after receiving a complaint is not excusable neglect under Civil Rule 60(B)(1). *Long v. Ferrell*, 5th Dist. Stark No. 2017CA00066, 2018-Ohio-155; *Shankle v. Egner*, 5th Dist. Nos. 2011CA00121, 2011CA00143, 2012-Ohio-2027.

{¶22} Blain's second argument is that he demonstrated excusable neglect due to a violation of Civil Rule 54(C). We first note that, in Blain's April 3, 2023 motion to vacate, he argued he set forth excusable neglect because the paperwork from the Ashland County Probate Court was addressed to "Eugene Blain," rather than his legal name of "Edward Eugene Blain." The argument as to Civil Rule 54(C) was not included in Blain's original Civil Rule 60(B) motion, the denial of which is at issue in this appeal. Rather, subsequent to the filing of this appeal on May 26, 2023, Blain filed a second "motion to vacate" pursuant to Civil Rule 54(C), arguing the default judgment was different in kind from the amount prayed for in the complaint because the complaint did not request that the entire property be sold. Because this issue was not before the trial court at the time it issued its April 27, 2023 judgment entry, we find the issue is not properly before us in this appeal of the April 27, 2023 judgment entry.

{¶23} However, even if Blain's first motion to vacate can be construed to include the argument about Civil Rule 54(C), we find no abuse of discretion in the trial court finding no excusable neglect. Civil Rule 54(C) provides that, "a judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment * *

*." Hunter captioned his complaint as a "complaint for sale of real estate." The prayer for relief in the complaint requests, "that the ward's undivided one-half interest in the real estate be sold; that all rights and interests of Defendants be protected; and that the Plaintiff be authorized to sell the real estate in accordance with the statutes and for such other and further relief for which he may be entitled."

{¶24} The default judgment entry granted the relief requested in the complaint, as the trial court ordered the real estate to be sold as a whole or an undivided half-interest, and protected the interest of Blain by providing he shall be paid from the proceeds of the sale for his undivided one-half interest. This is permissible pursuant to and in accordance with R.C. 2127.08 (* * * the guardian * * * may, by pleading filed in the cause setting forth all interests in the property and liens on the property, require that the action include the entire interest in the property, and the owner of the interests * * * shall receive the owner's respective share of the proceeds of sale * * *).

*Meritorious Defense*

{¶25} In his appellate brief, Blain argues he has a meritorious defense to the motion for default judgment because the complaint only requested the sale of the ward's undivided half-interest and thus does not comply with Civil Rule 54(C).

{¶26} However, in Blain's April 3, 2023 motion to vacate, Blain argued he had three meritorious defenses to the complaint. First, that the "paperwork he received from the Probate Court of Ashland County, Ohio was not addressed to him under his full and correct name." Second, that "at no time did he give his consent, as at least a fifty percent owner, for the sale of the within subject property as required under the law." Third, that "Ashland County Probate Court lacked jurisdiction over this matter as Plaintiff should have

instituted a partition action in Ashland County Common Pleas Court under R.C. 5307.03." In his motion, Blain did not argue that Civil Rule 54(C) provided him with a meritorious defense to the motion for default judgment. Further, as analyzed above, the complaint, motion for default judgment, and default judgment entry comply with Civil Rule 54(C) and R.C. 2127.08.

{¶27} As to the remainder of Blain's allegedly meritorious defenses, we find the trial court did not abuse its discretion in finding Blain did not allege a meritorious defense. We explained above why the paperwork being addressed to "Eugene Blain" as opposed to "Edward Eugene Blain" does not constitute excusable neglect. For the same reasons, we find it is not a meritorious defense. Blain admitted he received the paperwork directly from the process server. As to Blain's argument about his lack of consent, his consent is not required pursuant to the applicable statutes. R.C. 2127.08 specifically permits the trial court to order the sale of Blain's interest without his consent, and provides the procedure for distribution of funds to Blain. Finally, R.C. 2127.01 requires that all proceedings for the sale of lands by guardians be in accordance with R.C. Sections 2127.01 to R.C. 2127.43, except where the executor has testamentary power of sale. R.C. 2127.05 specifically states that when it is necessary for the support of the ward to sell the real property, the guardian shall "commence a civil action in the probate court for authority to sell * * *." Accordingly, the probate court had jurisdiction over the complaint in this case. We find the trial court did not abuse its discretion in finding Blain did not present a meritorious defense.

{¶28} Based on the foregoing, we find the trial court did not abuse its discretion in denying Blain's Civil Rule 60(B) motion. Blain's assignment of error is overruled.

{¶29}    The April 27, 2023 judgment entry of the Ashland County Court of Common Pleas, Probate Division, is affirmed.


By Gwin, P.J.,

Delaney, J., and

King, J., concur