[Cite as *Ohio State Aerie Fraternal Order of Eagles v. Alsip*, 2013-Ohio-4866.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

OHIO STATE AERIE FRATERNAL ORDER : 
OF EAGLES,

:  CASE NO. CA2013-05-079

      Plaintiff-Appellee,

:  O P I N I O N
    11/4/2013

   - vs -                  :

:

DAVID C. ALSIP,

:

      Defendant-Appellant.

:

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2010-07-3150

Charles L. Tate, 5374-A Cox-Smith Road, Mason, Ohio 45040, for plaintiff-appellee

David C. Alsip, #A637-013, London Correctional Institution, P.O. Box 69, London, Ohio 43140, defendant-appellant, pro se

**HENDRICKSON, P.J.**

{¶ 1} Defendant-appellant, David C. Alsip, appeals from a decision of the Butler County Court of Common Pleas denying his motion to vacate a default judgment entered in favor of plaintiff-appellee, Ohio State Aerie Fraternal Order of Eagles, Inc. For the reasons discussed below, we affirm in part, reverse in part, and remand this matter to the trial court.

{¶ 2} On July 29, 2010, appellee filed a complaint against appellant for negligence,

conversion and embezzlement, fraud, and indemnification. The complaint alleged appellant was formerly employed by appellee as a secretary and, in this position, appellant had the responsibility of managing appellee's business accounts, including issuing and receiving money on behalf of appellee. Appellant began embezzling funds by writing checks to himself and his creditors. As a result of appellant's actions, appellee sustained losses of over $277,000 in damages.

{¶ 3} The summons and complaint were served on appellant by certified mail on August 7, 2010 at appellant's address of 3911 Grand Avenue, Middletown, Ohio 45044. Appellant did not file an answer or otherwise appear in the action. On November 23, 2010, appellee moved for default judgment. In the motion, appellee noted that, in a related criminal case, appellant pleaded guilty to aggravated theft and had been ordered to pay "Fraternal Order of Eagles" restitution in the amount of $277,763.68. *See State v. Alsip*, Butler C.P. No. CR2010-06-1060 (Sept. 2, 2010 Judgment of Conviction Entry). In support of its motion, appellee attached the affidavit of Stephen C. Winters, a detective for the Middletown Police Department, which stated that Winters had investigated the allegations made by appellee against appellant, reviewed approximately 11,000 checks, discovered the theft by appellant, and found $277,763.68 wrongfully taken by appellant.

{¶ 4} On December 13, 2010, the trial court entered default judgment against appellant in the amount of $277,763.68 plus interests and costs. Appellant did not appeal from this decision. Rather, on March 27, 2013, appellant filed a "Motion in Response to the Entry [of] Default Judgment Against Defendant, Defendant was Denied his Constitutional Rights to Appeal, Defendant was not Sent a[n] Appealable Order to Appeal, Defendant was not able to Defend the Judgment without Notice by the Plaintiff." In his motion, appellant sought to have the default judgment vacated, and he set forth a variety of issues which he argued precluded judgment from being entered in favor of appellee. Appellant argued he

was not properly served with the summons and complaint, he was denied the right to appeal because he had not received notice of the default judgment entry, and appellee was not a proper party to the action, as the "actual victim" of his theft was the "Ohio State Eagles Charity Fund, Inc."

{¶ 5} On May 3, 2013, the trial court issued a decision denying appellant's motion. From the record, it appears the trial court treated appellant's motion as a common-law motion to vacate default judgment. In its decision, the trial court determined that it had personal jurisdiction over appellant as he had received proper service of process by certified mail. The court further determined that, as appellant was in default for failure to appear, he was not entitled to notice of the default judgment entry pursuant to Civ.R. 58(B). The court did not address appellant's claim that appellee was not the proper party to bring the lawsuit.

{¶ 6} Appellant now appeals the trial court's decision, setting forth two assignments of error. For ease of discussion, we begin by addressing appellant's second assignment of error.

{¶ 7} Assignment of Error No. 2:

{¶ 8} DEFENDANT APPELLANT ARGUES THAT THE CIVIL COURT ERRED TO THE PREJUDICE AWARDING [SIC] THE [APPELLEE] A DEFAULT JUDGMENT WHEN [APPELLEE] WAS NOT THE VICTIM. FURTHER THE CIVIL COURT DID NOT HAVE JURISDICTION OVER HIM. A JUDGMENT RENDERED WITHOUT PERSONAL JURISDICTION OVER [APPELLANT] IS VOID AB INITO [SIC] IN THIS INSTANT CASE [WHERE] THE [APPELLANT] WAS NOT SERVED PROPERLY BY THE ALLEGED VICTIM OF THE ALLEGED CRIME.

{¶ 9} In his second assignment of error, appellant argues the trial court erred in denying his motion to vacate default judgment as the trial court lacked personal jurisdiction over him. Appellant contends he was not properly served with the summons and complaint

in this matter, and the judgment entered against him is, therefore, void. Appellant argues that he should have been served with the summons and complaint at the London Correctional Institution, where he is serving a three-year prison term, rather than at his personal address.

{¶ 10} "In order to render a valid judgment, a court must have jurisdiction over the defendant in the action." *Beachler v. Beachler*, 12th Dist. Preble No. CA2006-03-007, 2007-Ohio-1220, ¶ 12, citing *Maryhew v. Yova*, 11 Ohio St.3d 154, 156 (1984). "If a plaintiff fails to perfect service on a defendant and the defendant has not appeared in the action or waived service, a trial court lacks the jurisdiction to enter a default judgment against the defendant." *Bendure v. Xpert Auto, Inc.*, 10th Dist. Franklin No. 11AP-144, 2011-Ohio-6058, ¶ 16. *See also Beachler* at ¶ 12 ("A court may acquire personal jurisdiction over the defendant either by service of process upon the defendant, the voluntary appearance and submission of the defendant or his legal representative, or by certain acts of the defendant or his legal representative which constitute an involuntary submission to the jurisdiction of the court"). A judgment rendered by a court that has not acquired personal jurisdiction over the defendant is void, not merely voidable. *Id.* at ¶ 13, citing *Peoples Banking Co. v. Brumfield Hay & Grain Co.*, 172 Ohio St. 545 (1961), paragraph two of the syllabus. "The power to vacate a void judgment does not arise from Civ.R. 60(B), but rather, from an inherent power possessed by the courts in this state." *Id.* at ¶ 18, citing *Patton v. Diemer*, 35 Ohio St.3d 68 (1988), paragraph four of the syllabus. An appellate court reviews the denial of a common law-motion to vacate under an abuse of discretion standard. *Bendure* at ¶ 16. An abuse of discretion constitutes more than an error of law or judgment; it requires a finding that the trial court acted unreasonably, arbitrarily or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 11} As previously stated, a court may acquire personal jurisdiction over a party by

service of process. *Beachler* at ¶ 12; *Maryhew,* 11 Ohio St.3d at 156. Civ.R. 4.1 outlines the methods of obtaining service of process within the state of Ohio, and it provides that "service of any process shall be by United States certified or express mail unless otherwise permitted by these rules." Service is perfected by certified mail when it is sent to an address that is reasonably calculated to cause service to reach the defendant. *Akron-Canton Regional Airport Auth. v. Swinehart*, 62 Ohio St.2d 403, 407 (1980); *Hamilton v. Digonno*, 12th Dist. Butler No. CA2005-03-075, 2005-Ohio-6552, ¶ 9 ("Service of process is consistent with due process standards where it is reasonably calculated, under the circumstances, to give interested parties notice of a pending action and an opportunity to appear"). Proper service of process is "[e]videnced by [a] return receipt signed by *any person.*" (Emphasis added.) Civ.R. 4.1(A). Valid service of process is presumed when the envelope is received by any person at the defendant's residence; the recipient need not be the defendant or an agent of the defendant. *Castellano v. Kosydar*, 42 Ohio St.2d 107, 110 (1975); *Ohio Civ. Rights Comm. v. First Am. Properties, Inc.*, 113 Ohio App.3d 233, 237 (2d Dist.1996). The presumption of proper service may be rebutted by a defendant "with sufficient evidence of nonservice." *Griffin v. Braswell*, 187 Ohio App.3d 281, 2010-Ohio-1597, ¶ 15 (6th Dist.).

{¶ 12} Appellant has not presented sufficient evidence of nonservice in this case. Rather, the record demonstrates that appellee complied with Civ.R. 4.1 as it served appellant by certified mail at his Grand Avenue address in Middletown, Ohio. The certified mail return receipt was received and signed by "David Alsip" on August 7, 2010, and returned to the trial court on August 10, 2010. Appellant's contention that due process required him to be served with the summons and complaint at the London Correctional Institution is without merit. Appellant was not sentenced to serve his three-year prison term until August 31, 2010. *See State v. Alsip*, Butler C.P. No. CR2010-06-1060 (Sept. 2, 2010 Judgment of Conviction Entry). Appellant was not incarcerated at the London Correctional Institution as of August 7,

2010, the date he signed the certified mail return receipt at his Grand Avenue address. Accordingly, appellant's assertion that he was not properly served at the London Correctional Institution is insufficient to rebut the presumption of effective service of process under Civ.R. 4.1. The trial court acquired personal jurisdiction over appellant by valid service of process and was, therefore, able to render a valid judgment against him in this matter.

{¶ 13} For the reasons discussed above, we find that the trial court did not abuse its discretion by denying appellant's common-law motion to vacate default judgment for lack of personal jurisdiction. Appellant's second assignment of error is, therefore, overruled.

{¶ 14} Assignment of Error No. 1:

{¶ 15} THE TRIAL COURT ERRED TO THE PREJUDICE OF [APPELLANT] WHEN IT AWARDED OHIO STATE AERIE FRATERNAL ORDER OF EAGLES A DEFAULT JUDGMENT WH[E]N THE OHIO STATE AERIE FRATERNAL ORDER OF EAGLES WAS NOT THE ALLEGED VICTIM PURSUANT TO OHIO REVISED CODE 2929.18(A)(1).

{¶ 16} In his first assignment of error, appellant argues the trial court erred by denying his motion to vacate default judgment as judgment could not have been awarded to appellee when the "actual victim" of his theft was another party, the "Ohio State Eagles Charity Fund, Inc." Essentially, appellant argues that appellee is not a proper party to the action because he was ordered in his criminal case to pay restitution to "Fraternal Order of Eagles," and not to appellee or the Ohio State Eagles Charity Fund, Inc. *See State v. Alsip*, Butler C.P. No. CR2010-06-1060 (Sept. 2, 2010 Judgment of Conviction Entry). Appellant states that he has filed a motion to correct the judgment of conviction entry in his criminal case to have the trial court "correct the alleged victim's name" in the restitution order from "Fraternal Order of Eagles" to the "true victim's" name, the "Ohio State Eagles Charity Fund, Inc."

{¶ 17} In order for a trial court to vacate or modify its own judgment, a Civ.R. 60(B) motion must be made. *Combs v. Children's Med. Ctr., Inc.*, 12th Dist. Butler No. CA95-12-

- 6 -

217, 1996 WL 421768, *3 (July 29, 1996) ("Civ.R. 60(B) provides the exclusive grounds which must be present and the procedure which must be followed in order for a court to vacate its own judgment"). The issue before this court is whether appellant's March 27, 2013 "Motion in Response to the Entry [of] Default Judgment Against Defendant, Defendant was Denied his Constitutional Rights to Appeal, Defendant was not Sent a[n] Appealable Order to Appeal, Defendant was not able to Defend the Judgment without Notice by the Plaintiff" should have been construed by the trial court as a Civ.R. 60(B) motion for relief from judgment.

{¶ 18} A trial court has the authority to construe an improperly captioned post-judgment motion as though it were a Civ.R. 60(B) motion for relief from judgment. *See The Bluffs of Wildwood Homeowners' Assn., Inc. v. Dinkel*, 96 Ohio App.3d 278, 281 (12th Dist.1994) (construing a motion to "set aside summary judgment" as a Civ.R. 60(B) motion); *Fredebaugh Well Drilling, Inc. v. Brower Contracting*, 11th Dist. Ashtabula No. 2004-A-0061, 2005-Ohio-6084, ¶ 14 (permitting a trial court to construe a party's filing as a Civ.R. 60(B) motion even though it was not labeled as such); *Ray v. Dickinson*, 7th Dist. Belmont No. 03-BE-29, 2004-Ohio-3632, ¶ 15 (permitting a trial court to construe a party's motion for consideration as a Civ.R. 60(B) motion); *Pete's Auto Sales v. Conner*, 8th Dist. Cuyahoga No. 77014, 2000 WL 1222015, *3 (Aug. 24, 2000) (remanding the matter back to the trial court for further consideration after finding that "regardless of its style," the defendant's motion was "effectively a motion for relief from judgment consistent with Civ.R. 60(B)").

{¶ 19} In its May 3, 2013 decision denying appellant's motion, the trial court did not address appellant's argument that appellee was not a proper party to the action. We recognize that in his motion, appellant did not express his claim that appellee was not a proper party to the action within the context of Civ.R. 60(B) or the *GTE* factors. See *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the

syllabus ("To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken"). Appellant first mentions Civ.R. 60(B) in his reply brief to appellee's memorandum in opposition to his motion, which was filed five days after the trial court issued its May 3, 2013 decision denying appellant's motion. Nonetheless, regardless of appellant's failure to use proper Civ.R. 60(B) language, it is clear that appellant was asserting a claim for relief under Civ.R. 60(B) as he argued he had a meritorious defense to the action that would entitle him to relief from judgment.[1]

{¶ 20} Therefore, with respect to appellant's claim that appellee is not the proper party, we find that the trial court should have construed appellant's motion as a motion for relief from judgment pursuant to Civ.R. 60(B). Whether appellant's "proper party" claim presents a meritorious defense to appellee's action, as well as whether his motion was timely made and whether appellant is entitled to relief pursuant to Civ.R. 60(B)(1) through (5), should have been addressed and ruled on by the trial court.

{¶ 21} We therefore sustain appellant's first assignment of error and remand this matter to the trial court for consideration of appellant's argument that appellee is not a proper party to the present action. In analyzing appellant's argument, the trial court shall utilize the standards set forth in Civ.R. 60(B) and *GTE Automatic Elec., Inc.*

{¶ 22} Judgment is affirmed in part, reversed in part, and remanded to the trial court for further proceedings consistent with this Opinion.

---

1. This fact is bolstered by appellee's memorandum in opposition to appellant's motion, wherein appellee addressed appellant's arguments within the context of the *GTE* factors and the requirements of Civ.R. 60(B).

S. POWELL and RINGLAND, JJ., concur.