[Cite as *Bank of New York Mellon v. Maxfield*, 2016-Ohio-2990.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


|   |   |   |
|---|---|---|
| BANK OF NEW YORK MELLON, | : | |
| Plaintiff-Appellee, | : | CASE NO.  CA2016-01-004 |
| | : | O P I N I O N |
| - vs - | | 5/16/2016 |
| | : | |
| DAVID Z. MAXFIELD, et al., | : | |
| Defendants-Appellants. | : | |


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2014-10-2622


Thompson Hine, LLP, Terry W. Posey, Jr., John B. Kopf, 10050 Innovation Drive, Suite 400, Miamisburg, Ohio 45342-4934, for plaintiff-appellee

Kendo Dulaney, LLP, Andrew M. Engel, 7925 Paragon Road, Centerville, Ohio 45459, for defendants-appellants, David Z. and Renee Maxfield and The Big Carrot Co., LLC


**PIPER, J.**

{¶ 1} Defendants-appellants, David and Renee Maxfield and Big Carrot Co, LLC, appeal a decision of the Butler County Court of Common Pleas denying their motion for relief from judgment.[1]

---

1. Pursuant to Loc.R. 6(a), we sua sponte remove this case from the accelerated calendar for the purposes of issuing this opinion.

{¶ 2} David secured a $400,000 promissory note by mortgaging property in Oxford, Ohio to plaintiff-appellee, Bank of New York Mellon as trustee for First Horizon Alternative Mortgage Securities Trust. Both David and Renee signed the mortgage as husband and wife. The Maxfields then transferred the property to Big Carrot, for which Renee acts as the statutory agent. Upon default of the payment terms of the note, Bank of New York Mellon filed a foreclosure action against the Maxfields individually, as well as Big Carrot because it was transferred the property subject to the mortgage.

{¶ 3} Bank of New York Mellon requested service be made either personally or at the residences of the defendants. The bank provided the process server an address for David in Angola, Indiana; an address for Renee on West Church Street in Oxford Ohio; and an address for Big Carrot on Nichols Boulevard in Oxford Ohio. The process server returned service in the following manner: for Renee, personal service on October 14, 2014 at the West Church Street address; for Big Carrot, personal service to Renee by corporate service on October 27, 2014 at the West Church Street address; and for David by residential service by serving Renee, "a person of suitable age and discretion residing therein" on October 30, 2014 at the West Church Street address. Neither the Maxfields nor Big Carrot responded to the suit in any manner, even after the bank moved for default judgment.

{¶ 4} In early 2015, the trial court granted the bank's default judgment motion and issued a foreclosure decree. The bank then served the Maxfields and Big Carrot with a notice of sale, indicating that the sale would occur on May 28, 2015. On May 15, 2015, the Maxfields and Big Carrot moved for relief from judgment, claiming that they had not been served because Renee was not in Ohio on the days service was said to have occurred. The Maxfields provided affidavits, and averred that they were not in Ohio at the time of the service and only became aware of the foreclosure action on May 11, 2015.

{¶ 5} Bank of New York Mellon responded to the Maxfields and Big Carrot by

providing an affidavit from the process server in which he averred the he went to the property on West Church Street three different times and was greeted by a woman who identified herself as Renee Maxfield and as manager of Big Carrot. The trial court scheduled a hearing for September 29, 2015 on the motion for relief. The trial court later continued the hearing at the Maxfields' request to late October. However, David, Renee, and Big Carrot failed to appear at the rescheduled hearing. The trial court heard arguments from the parties' counsel, and denied the Maxfields' and Big Carrot's motion for relief. The Maxfields and Big Carrot now appeal the trial court's decision to deny their motion for relief from judgment, raising the following assignment of error.

{¶ 6} THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT.

{¶ 7} The Maxfields and Big Carrot argue in their assignment of error that the trial court erred by not granting their motion for relief because service of process was not perfected on them.

{¶ 8} "In order to render a valid judgment, a court must have jurisdiction over the defendant in the action." *Beachler v. Beachler*, 12th Dist. Preble No. CA2006-03-007, 2007-Ohio-1220, ¶ 12. A trial court lacks jurisdiction to enter a default judgment against a defendant if a plaintiff fails to perfect service on the defendant and the defendant has not appeared in the action or waived service. *Ohio State Aerie Fraternal Order of Eagles v. Alsip*, 12th Dist. Butler No. CA2013-05-079, 2013-Ohio-4866, ¶ 10. A judgment rendered by a court that has not acquired personal jurisdiction over the defendant is void, not merely voidable. *Peoples Banking Co. v. Brumfield Hay & Grain Co.*, 172 Ohio St. 545 (1961), paragraph two of the syllabus.

{¶ 9} A trial court's ability to vacate a void judgment does not arise from Civ.R. 60(B), but rather, from an inherent power possessed by the courts in this state. *Patton v. Diemer*,

- 3 -

35 Ohio St.3d 68 (1988), paragraph four of the syllabus. An appellate court reviews the denial of a motion to vacate under an abuse-of-discretion standard. *Alsip* at ¶ 10. An abuse of discretion constitutes more than an error of law or judgment; it requires a finding that the trial court acted unreasonably, arbitrarily or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 10} Service of process is consistent with due process standards where it is reasonably calculated, under the circumstances, to give interested parties notice of a pending action and an opportunity to appear. *Hamilton v. Digonno*, 12th Dist. Butler No. CA2005-03-075, 2005-Ohio-6552, ¶ 9. Civ.R. 4.1 sets forth the three permissible methods of service for in-state defendants, including certified or express mail service, personal service, or residence service. "There is a presumption of proper service when the record reflects that the rules pertaining to service have been followed." *State v. Marcum*, 12th Dist. Butler No. CA96-12-266, 1998 WL 422042, *3 (July 27, 1998). "In determining whether a defendant has sufficiently rebutted the presumption of valid service, a trial court may assess the credibility and competency of the submitted evidence demonstrating non-service." *Bowling v. Grange Mut. Cas. Co.*, 10th Dist. Franklin No. 05AP-51, 2005-Ohio-5924, ¶ 33.

{¶ 11} Moreover, "a trial court is not required to give preclusive effect to a movant's sworn statement that she did not receive service of process when the record contains no indication that service was ineffectual." *Id.* "The mere filing of a self-serving affidavit, without affording Appellant an opportunity to cross-examine the affiant, does not rebut the presumption." *Graham Dealerships, CI v. Chavero*, 5th Dist. Richland No. 2007-CA-0098, 2008-Ohio-2966, ¶ 12.

{¶ 12} Civ.R. 4.2(G) provides that proper service upon a limited liability company can occur "by serving the agent authorized by appointment or by law to receive service of process; or by serving the limited liability company at any of its usual places of business by a

method authorized under Civ.R. 4.1(A)(1); or by serving a manager or member."

{¶ 13} Civ.R. 4.1(C) provides that service is effective by "leaving a copy of the process and the complaint * * * at the usual place of residence of the person to be served with some person of suitable age and discretion then residing therein."

{¶ 14} The trial court was presented with the affidavit of the process server who stated that he served Renee personally, and Big Carrot and David through Renee. The server averred that each time he went to the West Church Street address, the woman who accepted service identified herself as Renee Maxfield. The server's averments are further supported by his completion of the three returns of service when each defendant was served, and such returns of service were filed with the court and attached to the server's affidavit. Therefore, there is a presumption that service was valid because the server followed the rules set forth in Civ.R. 4 regarding proper personal service on David, Renee, and Big Carrot.

{¶ 15} As previously noted, the Maxfields and Big Carrot argued that they could not have received service because Renee was not in Ohio when service was said to have occurred. In support of this argument, Renee submitted an affidavit in which she averred that she was in Chattanooga Tennessee from September 23, 2014 until December 12, 2014 and that service could not be perfected on or through her on October 14, 27, or 30. Renee further averred that she did "not know who was served with the Summons and Complaint for this action." Similarly, David averred that he too was not in Ohio at the time service was alleged to have occurred, and only had knowledge of the suit after default judgment was granted.

{¶ 16} The trial court found, and we agree, that the affidavits offered by the Maxfields did not provide the necessary evidence to rebut the presumption of proper service. The Maxfields' averments are unsupported with further corroborating evidence, such as a lease, utility bill, or receipts to show any indication that the Maxfields were staying in Tennessee at

the time of service. More importantly, the Maxfields chose not to attend the hearing on their motion for relief thereby depriving Bank of New York Mellon the opportunity to cross-examine the Maxfields regarding their assertions. Without any testimony or cross-examination, the trial court was unable to judge the credibility of the Maxfields' averments.

{¶ 17} Moreover, at no time did Renee or David claim that the West Church Street address was not a valid address for them, nor did they claim that the West Church Street address was not their usual place of residence or that they did not reside together.[2] Nor did Renee deny that she is the statutory agent for Big Carrot. The affidavits merely offered the unsupported statement that neither was in Ohio at the time service was purported to occur. As such, neither the Maxfields nor Big Carrot can overcome the presumption that service was proper. Therefore, their single assignment of error is overruled.

{¶ 18} Judgment affirmed.

S. POWELL and HENDRICKSON, JJ., concur.

---

2. According to David's affidavit, he is married to Renee and they reside together.