[Cite as *Tambe v. Montgomery*, 2024-Ohio-2857.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| PAUL TAMBE, | : | |
| Appellee, | : | CASE NO. CA2023-10-082 |
| | : | O P I N I O N |
| - vs - | | 7/29/2024 |
| | : | |
| ELLINGTON HARPER MONTGOMERY aka MADELINE ROSE REDMOND aka MADELINE ROSE KLEEMEIR, et al., | : | |
| | : | |
| Appellant. | | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 22CV95174

Gurry Law, LLC, and Robert Gurry, for appellee.

Kohl & Cook Law Firm, LLC, and Brian A. Brown and Andrew J. Gerling, for appellant.

**PIPER, J.**

{¶ 1} Appellant, Ellington Montgomery, appeals from a decision of the Warren County Court of Common Pleas denying her motion to vacate a default judgment entered in favor of appellee, Paul Tambe. For the reasons detailed below, we affirm.

**FACTUAL BACKGROUND**

{¶ 2} In December 2009, Montgomery purchased a home located at 8427

Primrose Way, Waynesville, Ohio ("Primrose address"). In 2018, Montgomery borrowed money from Tambe so that Montgomery could pay for repairs from a house fire. The nature of the repairs is not material to this case.[1] As evidence of the loan agreement, a note and mortgage was executed by Montgomery using the residence as collateral. Later Montgomery defaulted on the terms of the promissory note and on May 25, 2022, Tambe filed a foreclosure action on Montgomery's Primrose real estate securing the debt.

{¶ 3} Tambe had Montgomery served with the complaint by certified mail at the Primrose address. The certified mail return receipt was duly signed with an illegible signature. Montgomery failed to respond or appear for any proceedings and a default judgment and decree of foreclosure was entered against her on September 14, 2022. A sheriff's sale of the Primrose address was scheduled for December 19, 2022.

{¶ 4} On December 18, 2022, Montgomery filed for bankruptcy, which resulted in the cancellation of the scheduled sheriff's sale. The bankruptcy action was later dismissed. Thereafter, a second sheriff's sale was scheduled for July 10, 2023, at which time the Primrose address sold for $740,500.

{¶ 5} On July 11, 2023, Montgomery moved to vacate the default judgment, complaining that Tambe failed to serve her with the complaint. The trial court held an evidentiary hearing on the motion to vacate on August 28, 2023.

**EVIDENTIARY HEARING**

{¶ 6} During the hearing, Montgomery alleged that the Primrose address had electrical damage that resulted in her moving from the residence in March of 2022. Montgomery admitted returning to the Primrose address about three times a week but claimed to not reside there. She claimed that she moved to Xenia but declined to provide

---

1. The record reflects that Montgomery borrowed $160,000 from Tambe.

the address. Montgomery said "I think we stayed with my friend's mom for a weekend or two and then - - I'm so sorry. It's been - - it's been a long - - a lot of addresses." Montgomery then mentioned living in Kettering in a "vacant" apartment. However, she denied ever signing a lease agreement or mortgage for any of the residences she claimed to have lived in.

{¶ 7} Montgomery denied signing for any certified mail in this case. She made reference to an alleged attempt to have a hold placed on her mail. She said that mail in the neighborhood was inconsistent and that she mostly received junk mail. Montgomery claimed that she moved back in the Primrose address in the Fall of 2022, but she still had no knowledge of the foreclosure action. Montgomery testified that she first learned of the foreclosure action in December of 2022 when she was at the Primrose address tiling the floors when a "family" came by and mentioned that the home was set for auction.

{¶ 8} Tambe called Joseph Redmond who was the father of Montgomery's daughter to testify at the evidentiary hearing. Redmond testified that he had driven their daughter to the Primrose residence for parenting time every other weekend for years, including throughout 2022. Redmond said he never had any indication that Montgomery was living anywhere other than the Primrose address. He had no reason to suspect that Montgomery could be living anywhere other than where he dropped off his daughter.

{¶ 9} There was other testimony presented about how a suspicious number of correspondences were returned to Tambe's attorney and marked undeliverable shortly after Montgomery filed her motion to vacate. Montgomery was also cross-examined about her claims that she was not residing at the Primrose address. For example, Montgomery was asked about the bankruptcy petition she filed that listed the Primrose address as being her street address. She attested in the bankruptcy proceedings that she had not lived anywhere else in the past three years. Montgomery defended herself

claiming that her residence was really "a subjective question."

{¶ 10} The trial court took the matter under advisement and determined that service was proper. The record showed Tambe served Montgomery with certified mail service at her residence, the Primrose address, which had been signed. The trial court determined that Montgomery's testimony lacked credibility and was disingenuous. The trial court determined that since Tambe complied with the civil rules of service, there was a presumption of service and Montgomery failed to rebut the presumption. Therefore, the trial court denied Montgomery's motion to vacate. Montgomery now appeals, raising a single assignment of error for review.

**APPEAL**

{¶ 11} THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO VACATE THE DEFAULT JUDGMENT ENTERED ON 09/18/2023.

{¶ 12} In her sole assignment of error, Montgomery argues the trial court erred by overruling her motion to vacate the default judgment. "In order to render a valid judgment, a court must have jurisdiction over the defendant in the action." *Nix v. Richter*, 2017-Ohio-8431, ¶ 7 (12th Dist.). A trial court lacks jurisdiction to enter a default judgment against a defendant if a plaintiff fails to perfect service on the defendant and the defendant has not appeared in the action or waived service. *Id.*

{¶ 13} A trial court's ability to vacate a void judgment does not arise from Civ.R. 60(B), but rather, from an inherent power possessed by the courts in this state. *Ohio State Aerie Fraternal Order of Eagles v. Alsip*, 2013-Ohio-4866, ¶10 (12th Dist.). Thus, when a party claims a trial court lacked personal jurisdiction due to improper service of process, the appropriate method to challenge such void judgment is through a common law motion to vacate. *Third Fed. S. & L. Assn. v. Taylor*, 2017-Ohio-7620, ¶ 11. (10th Dist.).

{¶ 14} An appellate court reviews the denial of a motion to vacate under an abuse-of-discretion standard. *Bank of New York Mellon v. Maxfield*, 2016-Ohio-2990, ¶ 9 (12th Dist.). An abuse of discretion constitutes more than an error of law or judgment; it requires a finding that the trial court acted unreasonably, arbitrarily or unconscionably. *Alsip* at ¶ 10.

{¶ 15} "Service of process is consistent with due process standards where it is reasonably calculated, under the circumstances, to give interested parties notice of a pending action and an opportunity to appear." *Maxfield* at ¶ 10, citing *Hamilton v. Digonno*, 2005-Ohio-6552, ¶ 9 (12th Dist.). Civ.R. 4.1 sets forth permissible methods of service for in-state defendants, including certified or express mail service, personal service, or residence service.

{¶ 16} Proper service of process by certified mail is "[e]videnced by [a] return receipt signed by any person." *Motorists Mut. Ins. Co. v. Roberts*, 2014-Ohio-1893, ¶ 32 (12th Dist.), quoting Civ.R. 4.1(A). Valid service of process is presumed when it is received by any person at the defendant's residence; the recipient need not be the defendant or an agent of the defendant. *Alsip*, 2013-Ohio-4866 at ¶ 11. "In determining whether a defendant has sufficiently rebutted the presumption of valid service, a trial court may assess the credibility and competency of the submitted evidence demonstrating non-service." *Maxfield* at ¶ 10.

{¶ 17} On appeal, Montgomery argues the trial court "relied on several mistaken facts, utilized the wrong burden analysis, and ignored the proof Ms. Montgomery provided."[2] Montgomery incorrectly argues the standard of review is de novo and

---

2. Montgomery claims the trial court relied on a mistaken fact as to when she claimed to have moved from the Primrose address. However, we note most of Montgomery's claims were extremely vague and difficult to follow. The trial court relied on a multitude of considerations in concluding that Montgomery's claims lacked merit.

maintains, among other things, that the trial court should have afforded her testimony greater weight emphasizing her testimony and an affidavit she signed.[3]

{¶ 18} Following review, we find Montgomery's arguments to be without merit. The record clearly demonstrates that Tambe complied with Civ.R. 4.1 as he served Montgomery by certified mail at the Primrose address, which was signed, thereby establishing a presumption of valid service. Montgomery was not required to be the recipient or signer of the return receipt. *Alsip* at ¶ 11. While Montgomery denies the Primrose address was her residence at the time, there is ample evidence to refute Montgomery's claims. Montgomery then had to rebut the presumption of valid service, which she failed to do. In short, this case came down to the credibility of the witnesses. *See Miami Poplar Rentals, L.L.C. v. Hudoba*, 2014-Ohio-1323, ¶ 21 (12th Dist.). The trial court ultimately determined that Montgomery lacked credibility and was being disingenuous. This court will defer to credibility determinations made by the trial court, as it is not our role to substitute our determination of credibility in place of the trial court's determination. *Smith-Knabb v. Vesper*, 2023-Ohio-259, ¶ 30 (12th Dist.).

{¶ 19} For the reasons discussed above, we find that the trial court did not abuse its discretion by denying Montgomery's motion to vacate the default judgment. Montgomery's sole assignment of error is overruled.

{¶ 20} Judgment affirmed.

S. POWELL, P.J., and HENDRICKSON, J., concur.

---

3. It is well established the standard of review is abuse of discretion. *Terwoord v. Harrison*, 10 Ohio St.2d 170, 171 (1967); *Maxfield*, 2016-Ohio-2990 at ¶ 9.