[Cite as *In re Adoption of K.M.B.*, 2024-Ohio-3093.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

| | | |
|---|---|---|
| IN RE: | : | |
| ADOPTION OF K.M.B. | : | CASE NO. CA2024-05-007 |
| | : | O P I N I O N<br>8/14/2024 |
| | : | |
| | : | |
| | : | |

APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
PROBATE DIVISION
Case No. 20235008

Smith, Meier & Webb, LPA, and Andrew P. Meier and Jesse R. Clark, for appellant.

Stephan & Stephan Law Group, and April H. Moore, for appellee.

**PIPER, J.**

{¶ 1} Kendi Jordan ("Mother"), the biological mother of K.M.B., appeals from a decision of the Clinton County Probate Court dismissing her motion for leave to file an objection to a petition for adoption filed by Rachel Bean ("Stepmother").[1] The factual

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar and place it on the regular calendar for purposes of issuing this opinion.

record in this case is undeveloped, as the probate court entered the order without a hearing.

## LIMITED FACTUAL BACKGROUND

**{¶ 2}** K.M.B. was born on August 3, 2016. Mother and K.M.B.'s biological father ("Father") never married. According to a home study, Mother had custody of K.M.B. until a children's services agency removed her from Mother's care in November 2018. K.M.B. was placed in Stepmother's care in December 2018 due to Father's deployment in the military. Father was awarded full custody upon his return from service. K.M.B. has continued to reside with Stepmother and Father since that time.

## PETITION FOR ADOPTION AND INSTANT DISPUTE

**{¶ 3}** On May 9, 2023, Stepmother filed a petition to adopt K.M.B. and the probate court set the matter for a hearing. Notice of the hearing was sent by certified mail to "Kendi Sue Johnson" at 101 S. Quarry Street, Bainbridge, OH 45612.[2] The notice included an advisement that the recipient was required to file an objection to the petition within 14 days after proof of service. *See In re M.A.S.*, 2020-Ohio-3603, ¶ 15 (12th Dist.). On June 13, 2023, the return receipt was signed by Mother's aunt.

**{¶ 4}** On September 1, 2023, Mother filed a motion for leave to file an objection to the adoption petition. Therein, Mother argued that she should be permitted leave to file an objection due to lack of proper service. Mother stated that she resides not at the Quarry Street address, but at 3197 Hackleshin Road, Peebles, Ohio 45660.

**{¶ 5}** On September 11, 2023, Stepmother filed a "motion to dismiss." In her motion, Stepmother argued that Mother was properly served at the Quarry Street

---

2. We note there is a discrepancy between Mother's name, which is "Kendi Sue Jordan," and the name listed in the notice addressed to "Kendi Sue Johnson."

address. Stepmother further argued that Mother had a protection order against her that prevented her from being at the Hackleshin Road address. Stepmother stated that "if [Mother] is indeed residing at said address, she is in violation of a court order prohibiting her from being at said address."[3]

{¶ 6} Mother filed a memorandum in opposition, in which she attached an affidavit acknowledging an earlier protection order; however, she averred that the order of protection was vacated on February 21, 2023. After the order was vacated, Mother stated that she returned to the Hackleshin Road address, which she shares with her now-fiancé. Mother implored the probate court to permit her the opportunity to contest the adoption.

{¶ 7} On April 8, 2024, the probate court granted Stepmother's motion to dismiss without a hearing. In so doing, the probate court accepted Stepmother's argument regarding the protection order. The probate court did not address or acknowledge Mother's affidavit except to the extent it stated Mother "avers her present address is indeed the Hackleshin Road location. *This is indeed difficult to understand if there still exists a court order* from Highland County or any other county requiring [Mother] to remain away from that address." (Emphasis added). The probate court therefore concluded that Mother had been properly served but failed to respond in a timely manner. As a result, the probate court granted Stepmother's motion to dismiss. The probate court therefore determined that Mother's consent to the adoption was not required.[4] Mother now appeals, raising one assignment of error for review.

---

3. Stepmother did not attach a copy of the protection order, but instead provided photographs limited to two pages of a purported seven-page document.

4. A ruling that a parent's consent is not required is a final appealable order. *In re Greer*, 70 Ohio St.3d 293 (1994), paragraph one of the syllabus; *In re Adoption of R.M.*, 2009-Ohio-3252, ¶ 65 (7th Dist.).

**APPEAL**

{¶ 8}  THE TRIAL COURT ERRED BY DISMISSING MOTHER'S MOTION FOR LEAVE TO OBJECT TO THE PETITION FOR ADOPTION.

{¶ 9}  In her sole assignment of error, Mother argues the probate court erred by dismissing her motion for leave to file an objection.  It is well established that proper service of process is needed before a court can render a valid judgment.  *Tambe v. Montgomery*, 2024-Ohio-2857, ¶ 12 (12th Dist.).  A reviewing court will not disturb a trial court's finding regarding whether service was proper unless the trial court abused its discretion.  *Ohio State Aerie Fraternal Order of Eagles v. Alsip*, 2013-Ohio-4866, ¶ 12 (12th Dist.); *Progressive Direct Ins. Co. v. Williams*, 2022-Ohio-887, ¶ 8 (3d Dist.).  An abuse of discretion is more than an error of law or judgment.  Rather, it suggests the trial court's decision was unreasonable, arbitrary or unconscionable.  *In re Adoption of A.L.S.*, 2018-Ohio-507, ¶ 16 (12th Dist.).

{¶ 10} The right of natural parents to the care and custody of their child is one of the most precious and fundamental in law.  *In re Adoption of E.G.C.*, 2021-Ohio-4178, ¶ 12 (12th Dist.).  An adoption permanently terminates those parental rights of a natural parent.  *In re L.C.W.*, 2015-Ohio-61, ¶ 10 (12th Dist.).  Thus, Ohio law requires parental consent to an adoption unless a specific statutory exception exists.  *In re Adoption of C.E.S.*, 2020-Ohio-6902, ¶ 19 (12th Dist.).  "[A]ny exception to the requirement of parental consent to adoption must be strictly construed so as to protect the right of natural parents to raise and nurture their children."  *In re B.N.S.*, 2020-Ohio-4413, ¶ 27 (12th Dist.).

{¶ 11} In Ohio, certain persons and entities must consent to an adoption, including the mother and father of the child.  R.C. 3107.06.  However, R.C. 3107.07(K) provides that "[c]onsent to adoption is not required" when a "person given notice of the petition . . . fails to file an objection to the petition within fourteen days after proof is filed . . . ."  This

- 4 -

exception applies to all persons and entities whose consent to the petition is required, regardless of their status as parent, putative father, agency, or juvenile court. To implicate R.C. 3107.07(K), the notice must clearly inform the recipient that he is required to file an objection to the petition within 14 days. *In re M.A.S.*, 2020-Ohio-3603, ¶ 15 (12th Dist.).

**{¶ 12}** Following review, we find the probate court abused its discretion by dismissing Mother's motion for leave to file an objection without a hearing. As we have previously discussed, a party that follows the Rules of Civil Procedure governing service of process is entitled to a presumption of proper service unless the other party rebuts the presumption with sufficient evidence of nonservice. *Tambe,* 2024-Ohio-2857 at ¶ 16; *Davis v. Johnson*, 2021-Ohio-85, ¶ 30 (6th Dist.). This presumption can be rebutted "by 'demonstrating a procedural flaw in the service: use of the wrong address, receipt by someone who is not a proper person, or untimely mailing or receipt.'" *Davis* at ¶ 30, quoting *Gaston v. Medina Cty. Bd. of Revision*, 2012-Ohio-3872, ¶ 14. In an adoption proceeding, when a parent challenges the sufficiency of service, he or she is entitled to a hearing on whether service of process was proper. *In re Goldberg*, 2001 Ohio App. LEXIS 4141, *8 (12th Dist. Sep. 17, 2001).

**{¶ 13}** In the present case, there is no dispute that certified mail service was sent to the Quarry Street address and the notice included the provision that an objection needed to be filed within 14 days after proof of service. However, Mother claims that she does not live at that address. The probate court concluded that Mother had been properly served at the Quarry Street address, but it did so without a hearing. Moreover, the probate court appears to have disregarded Mother's affidavit, in which Mother averred that the protection order was no longer in place.

**{¶ 14}** In light of the foregoing, we conclude the probate court should have held a hearing so that evidence could be presented by both parties on the issue of service.

Unlike other cases we have considered, this is not a situation where a parent admits receiving proper notice but blames the failure to respond on vague "difficulties." *In re M.A.S.,* 2020-Ohio-3603 at ¶ 17. Mother specifically disputes being served with the appropriate notice and has presented an affidavit in support of her claims. Stepmother did not introduce any evidence to the contrary. In such circumstances, remand is appropriate to determine contested issues of service. *See In re Goldberg* at *8. The rights at stake are far too precious and fundamental to dispose of through summary proceedings that cast aside contested issues as difficult to understand. Accordingly, we sustain Mother's sole assignment of error and remand this case to the probate court for an evidentiary hearing.

**{¶ 15}** Judgment reversed and remanded.

BYRNE, P.J., and HENDRICKSON, J., concur.