[Cite as *Johnson v. First Key Homes, L.L.C.*, 2025-Ohio-882.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| JENNIFER JOHNSON, | : | |
| Appellee, | : | CASE NO. CA2024-09-067 |
| | : | O P I N I O N<br>3/17/2025 |
| - vs - | : | |
| | : | |
| FIRST KEY HOMES, LLC, | : | |
| Appellant. | : | |

CIVIL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case No. 2024 RE 00007

Jennifer Johnson, pro se.

Heyman Law, LLC, and D. Andrew Heyman, for appellant.


**SIEBERT, J.**

{¶ 1} First Key Homes, LLC appeals the Clermont County Municipal Court's adoption of its magistrate's decision finding Appellee Jennifer Johnson properly escrowed her rent and releasing the escrowed rent to her. We affirm the decision of the trial court.[1]

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this appeal from the accelerated calendar for purposes of issuing this opinion.

**{¶ 2}** As an initial matter, First Key asserts that it was improperly named by Johnson in her rent escrow application and that its proper name is "FirstKey Homes of Ohio, LLC." The parties' residential lease agreement (the "Lease Agreement") lists "FirstKey Homes of Ohio, LLC" as "Agent" for "FKH SFR M, L.P.," the "Owner" of the rented property. The Lease Agreement referred to First Key and the Owner collectively as the "Landlord." However, "FirstKey Homes, LLC" can be seen on the bottom of each page of the Lease Agreement. The exact relationship between these similarly named entities is not clear, and unless indicated otherwise, they will be referred to collectively as "First Key."

**{¶ 3}** The Lease Agreement required residents to send written notices to First Key by one of three methods: (1) electronically via an online resident portal or email; (2) by personal, hand delivery to First Key's district office at a P.O. Box in Indianapolis, Indiana; or (3) by first-class mail to First Key's corporate office in Marietta, Georgia (the "Marietta Office"). The Lease Agreement required rent to be paid either electronically via First Key's online resident portal or by check sent to the same Indianapolis P.O. Box where notices could be hand delivered. The Lease Agreement does not contain an Ohio address for either First Key or the Owner of the home Johnson rented.

**{¶ 4}** Beginning in August of 2023, Johnson complained to First Key on several occasions concerning mold in the Clermont County home she rented from First Key. On March 22, 2024, Johnson sent First Key a notice of noncompliance pursuant to R.C. 5321.07(A) (the "Noncompliance Notice"). Johnson's Noncompliance Notice detailed her complaints and previous communications with First Key about the ongoing mold problem, as well as the various medical and financial issues she attributed to it. Johnson requested remediation of the mold issue in the Noncompliance Notice. Johnson sent the Noncompliance Notice via certified mail to the Marietta Office, and it was delivered to and

signed for at that address on March 29, 2024.

{¶ 5}   On April 30, 2024, Johnson filed an application to deposit her rent with the Clermont County Clerk of Courts (the "Deposit Application"). The Clerk accepted the Deposit Application that same day, and Johnson deposited $1,600—one month's rent—with the court. The Clerk deposited Johnson's rent in the court's "Escrow Rental Account." The Clerk sent notice of these events to First Key which was delivered to the Marietta Office on May 3, 2024.

{¶ 6}   On May 20, 2024, Johnson filed an application for the release of the rent escrow (the "Release Application"). The Release Application was a preprinted form which stated, in part, that the "condition contained in the [original] notice . . . ha[d] been remedied" and requested release of the rent escrow to Johnson. That same day, the court scheduled a hearing for June 12, 2024. First Key denies receiving the Release Application or notice of the hearing. However, the record contains no indication that either was returned as undeliverable.

{¶ 7}   First Key did not appear at the hearing before the court's magistrate. Johnson testified, clarifying she sent the Noncompliance Notice after First Key had unsuccessfully attempted to remediate the mold. Johnson further testified that: (1) she and her family had health conditions aggravated by the mold, (2) she communicated with First Key via email about depositing her rent in escrow, (3) First Key did not respond to this email, (4) First Key sent Johnson a three day notice to vacate for failure to pay rent after her rent was escrowed, and (5) she bought a home and moved out of the rental home, largely because of the mold issue, before First Key filed an eviction action. The magistrate ordered the release of the rent escrow to Johnson after finding Johnson "presented uncontroverted testimony regarding her request to release the escrow funds to her." First Key objected to the magistrate's decision, but the municipal court overruled

the objections. First Key now appeals.

**{¶ 8}** FIRST ASSIGNMENT OF ERROR. THE TRIAL COURT ERRED IN RULING THAT APPELLANT PROPERLY ESCROWED HER RENT.

**{¶ 9}** SECOND ASSIGNMENT OF ERROR. THE TRIAL COURT ERRED IN RULING THAT DEFENDANT-APPELLANT WAS PROPERLY SERVED WITH SUMMONS AND NOTICE OF THE HEARING.

**{¶ 10}** We address First Key's first two assignments of error together. First Key argues that because Johnson sent the Noncompliance Notice to the Marietta Office instead of the P.O. Box in Indianapolis, it "fails for not using the address where rent is to be paid," as required under R.C. 5321.07(A). Similarly, First Key asserts that because it was not properly served with summons and the hearing notice, the court lacked personal jurisdiction over the matter, and the court's judgment is void. We conclude First Key's first two assignments of error are without merit.

**{¶ 11}** Appellate review of whether personal jurisdiction exists over a party is de novo. *Sears v. Kuhn*, 2022-Ohio-2898, ¶ 15 (4th Dist.). However, " a reviewing court will not disturb a trial court's finding regarding whether service was proper unless the trial court abused its discretion." *In re Adoption of K.M.B.*, 2024-Ohio-3093, ¶ 9 (12th Dist.). An abuse of discretion implies the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶ 12}** Under Ohio law, a rental agreement "shall contain the name and address of the owner and the name and address of the owner's agent." R.C. 5321.18(A). If the owner or agent is an entity, "the address shall be the principal place of business in the county in which the residential property is situated or if there is no place of business in such county then its principal place of business in this state, and shall include the name of the person in charge thereof." *Id.* If the landlord fails to provide the name and address

required under section (A), the notices required under R.C. 5321.07 and R.C. 5321.08 are waived. *Id.* at (C).

{¶ 13} The use of "shall" in a statute "connotes a mandatory obligation unless other language evidences a clear and unequivocal intent to the contrary." *Lovejoy v. Diel*, 2021-Ohio-1124, ¶ 33 (12th Dist.), citing *Wilson v. Lawrence*, 2017-Ohio-1410, ¶ 13. Neither R.C. 5321.18 nor Chapter 5321 more broadly contains any language indicating "shall" means anything other than "must" in its context.

{¶ 14} Here, First Key did not comply with the mandate in RC 5321.18(A). First Key is an entity, and the Lease Agreement did not provide any address for First Key (as the Agent or the Owner) in Clermont County, where Johnson's rental home was located, or in Ohio. First Key's failure to comply with this statutory mandate comes with consequences fatal to its arguments. By the plain language of R.C. 5321.18(C), First Key waived the notice requirements of R.C. 5321.07 and R.C. 5321.08. Therefore, its argument that Johnson sent the Noncompliance Notice to the wrong address fails under the law.

{¶ 15} Likewise, First Key's assertion that it was not "properly served with summons and notice of the hearing" misstates the notice requirements of rent escrow proceedings. When a tenant deposits her rent with the clerk, the clerk has a duty to "give a written notice to the landlord and to his agent." R.C. 5321.08(A). This statutory requirement does not include a requirement to serve summons on anyone. Therefore, the relevant service requirements for summons do not apply. *Holman v. White Pond Villa Apts.*, 2023-Ohio-2221, ¶ 16 (9th Dist.), *appeal not allowed*, 2023-Ohio-3789, ¶ 16. Nor does the statute contain any requirement that a signature proving receipt of the notice is required.

{¶ 16} The record reflects the court's clerk sent notice of Johnson's Deposit

Application and rent deposit to the Marietta Office, and it was delivered on May 3, 2024. This notice thus complied with R.C. 5321.08(A). First Key's receipt of this notice from the clerk should have alerted it to the clerk's possession of Johnson's May rent and the need for First Key to follow up with the court and Johnson.

**{¶ 17}** While First Key denies receiving the notice of the Release Application and hearing, the record contains no evidence that either was returned as undeliverable.

**{¶ 18}** Finally, even if First Key had not waived notice, Johnson provided notice in accordance with the Lease Agreement's terms by sending the Noncompliance Notice to the Marietta Office.[2] The record reflects it was delivered to and signed for there on March 29, 2024.

**{¶ 19}** In summary, because First Key waived notice, misconstrued the court's obligation under the relevant notice law, and otherwise received notice in accordance with the terms of the Lease Agreement, we conclude the trial court had jurisdiction to render its decision. *See Holman* at ¶ 21.

**{¶ 20}** First Key's first two assignments of error are overruled.

**{¶ 21}** THIRD ASSIGNMENT OF ERROR. THE TRIAL COURT ERRED IN RELEASING ESCROWED FUNDS TO PLAINTIFF-APPELLEE IN VIOLATION OF R.C. § 5321.09(1).

**{¶ 22}** First Key also argues that the release of the rent escrow to Johnson was improper because the Release Application stated that issues with the rental property had

---

2. **{¶ a}** We note that R.C. 5321.06 prohibits parties from contracting in a way that is "inconsistent with or prohibited by Chapter 5321 of the Revised Code or any other rule of law." It is possible the Lease Agreement is inconsistent with Ohio law by allowing written notices, including notices to cure, to be sent to the Marietta Office rather than to where rent is paid, as R.C. 5321.07(A) requires.

   **{¶ b}** That issue is not before us, and, as analyzed above, First Key's right to notice was waived due to its failure to provide its name and address pursuant to R.C. 5321.18(A).

been remedied.[3] We review whether the trial court's decision to release the rent escrow to Johnson was against the manifest weight of the evidence. *See Chasteen v. Dix Rd. Property Mgt. LLC*, 2021-Ohio-463, ¶ 41 (12th Dist.). Under this standard, the trial court's decision should not be disturbed if "there is competent and credible evidence in the record" to support it. *Id.*

**{¶ 23}** Here, while the Release Application stated that issues with the property were resolved, this was likely an oversight as the application was a pre-printed form. Furthermore, Johnson's testimony clarified that despite some efforts by First Key before she sent the Noncompliance Notice, there was still mold in the rental home at the time Johnson escrowed her rent and ultimately left the home. The court noted Johnson's testimony was uncontroverted, so we conclude the decision of the trial court was not against the manifest weight of the evidence.

**{¶ 24}** First Key's third assignment of error is overruled.

**{¶ 25}** Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.

---

3. Pursuant to App.R. 12(A)(1)(b) and App.R. 16(A)(7), this is the only argument this Court evaluates in relation to First Key's third assignment of error.