[Cite as *U.S. Bank, N.A. v. Chibinda*, 2025-Ohio-1212.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| U.S. BANK, N.A., | : | CASE NO. CA2024-07-094 |
| Appellee, | : | |
| | : | O P I N I O N<br>4/7/2025 |
| - vs - | : | |
| | : | |
| PETER CHIBINDA, ET AL., | : | |
| Appellants. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV 2017 10 2412

Reisenfeld & Associates LLC, and Brian E. Chapman, for appellee.

Peter Chibinda and Dora Chibinda, pro se.

**BYRNE, P.J.**

{¶ 1}  Pro se appellants, Peter and Dora Chibinda, appeal the decision of the Butler County Court of Common Pleas denying their Civ.R. 60(B) motion for relief from judgment.[1] For the reasons detailed below, we affirm the trial court's decision.

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar and place it on the regular calendar for purposes of issuing this opinion.

**Factual and Procedural Background**

{¶ 2} On October 26, 2017, U.S. Bank National Association, as Trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-5 ("U.S. Bank"), filed a complaint in foreclosure and reformation of mortgage against Miranda Muma, aka Miranda Ngoh ("Muma"). The complaint was in reference to property Muma owned located at 5718 Liberty Pass Drive in Liberty Township, Butler County, Ohio ("the Property"). There is no dispute that the Chibindas were Muma's tenants living at the Property at the time of U.S. Bank's filing.

{¶ 3} The Chibindas were permitted to intervene in the proceedings as a third-party plaintiff. In their third-party complaint, the Chibindas alleged that they entered into an agreement to lease the Property in March of 2012 and that the agreement included an option to purchase the Property from Muma.

{¶ 4} On August 29, 2018, U.S. Bank filed a motion for default judgment against Muma and a motion for summary judgment against the Chibindas. Neither Muma nor the Chibindas filed anything in response to the motions.

{¶ 5} On December 12, 2018, the trial court issued a judgment entry and decree of foreclosure. The foreclosure decree determined the extent of each lienholder's interest, set forth the priority of the liens, and determined the other rights and responsibilities of each party in the action. The trial court ordered distribution of proceeds in the following order of priority:

> 1. To the Clerk of this Court, the costs of this action including the fees of appraisers.
>
> 2. To the Treasurer of this County, the taxes and assessments, due and owing as of the date of transfer of the property after Sheriff's Sale.
>
> 3. To the Plaintiff [U.S. Bank], the sum of $181,643.91 plus interest at the rate of 6.7500 percent per annum from June 1,

2014, together with all expenses and costs.

4. The balance, if any, to be deposited with the clerk.

The foreclosure decree contained Civ.R. 54(B) language stating there was "no just reason for delay," but the Chibindas did not appeal the trial court's decision.

{¶ 6} On December 2, 2021, the Property was sold at a sheriff's sale. The sheriff's return order of sale lists Dora as the purchaser for the sum of $314,200.00. On April 18, 2022, the trial court issued a confirmation order, which ordered the distribution of sale proceeds. In relevant part, the trial court ordered the proceeds from the sale be distributed in the following order of priority:

- To the Clerk of this Court, the sum of $7,940.50, for the costs of this action.

- To the Treasurer of this County, the sum of $5,357.22, for all past-due real estate taxes, assessments, penalties, and interest.

- To the Plaintiff, [U.S. Bank], the balance of said proceeds of sale, being the sum of $300,902.28 to apply against the judgment heretofore rendered in favor of the Plaintiff.

{¶ 7} Nearly two years later, on March 31, 2024, the Chibindas filed a Civ.R. 60(B) motion for relief from judgment with respect to the April 18, 2022 confirmation order, claiming, among other things, that there should be "surplus funds" and the trial court's order did not reflect their "concerns as persons with vested interest in the property in question." In other words, the Chibindas sought a portion or all of the "surplus funds" from the sale of the Property.

{¶ 8} The trial court denied the Civ.R. 60(B) motion on the basis that the Chibindas failed to demonstrate they were entitled to relief under one of the grounds listed in Civ.R. 60(B)(1)-(5), and failed to present operative facts that would further a meritorious claim or defense. The Chibindas filed this appeal listing three assignments of error for

- 3 -

review, which we will consider collectively.

**Appeal**

**{¶ 9}** The Chibindas' Assignment of Error No. 1 states:

THE TRIAL COURT ERRED BY NOT RULING ON THE DISTRIBUTION OF PROCEEDS CONTROVERSY BETWEEN THE TWO PARTIES.

**{¶ 10}** The Chibindas' Assignment of Error No. 2 states:

THE TRIAL COURT ALLOWED FRAUD TO INTERVENED.

(sic).

**{¶ 11}** The Chibindas' Assignment of Error No. 3 states:

THE TRIAL COURT ERRED BY FAILINGTO EXECUTING PROPER SERVICES AND ADEQUATE NOTICS ON APPELLANTS.

(sic).

**{¶ 12}** In support of these assignments of error, the Chibindas argue the trial court erred by denying their Civ.R. 60(B) motion for relief from the trial court's April 18, 2022 confirmation order. In so doing, the Chibindas claim that they are junior lienholders in the Property and have an interest in the distribution of the proceeds of the sheriff's sale.[2]

**{¶ 13}** Civ.R. 60(B) provides that a moving party may obtain relief from judgment on the following grounds:

(1) Mistake, inadvertence, surprise or excusable neglect;

(2) Newly discovered evidence which by the due diligence could not have been discovered in time to move for a new trial under Rule 59(B);

(3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;

---

2. The Chibindas' pro se brief is difficult to follow, as they raise a variety of vague and speculative arguments. It appears they take particular issue with the fact that U.S. Bank's judgment exceeded the original note on the Property. However, we note the foreclosure decree awarded U.S. Bank $181,643.91 plus interest at the rate of 6.75 percent per annum from June 1, 2014.

(4) The judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(5) Any other reason justifying relief from judgment.

"To prevail on a Civ.R. 60(B) motion, the moving party must demonstrate that (1) he has a meritorious defense or claim to present if relief is granted, (2) he is entitled to relief under one of the grounds stated in Civ.R. 60(B), and (3) the motion is made within a reasonable time." *Total Quality Logistics, L.L.C. v. ATA Logistics, Inc.*, 2020-Ohio-1553, ¶ 7 (12th Dist.). Because all three criteria must be satisfied in order for the trial court to grant relief, the moving party's failure to meet any one of these three factors is fatal. *Scrimizzi v. Scrimizzi*, 2019-Ohio-2793, ¶ 51 (12th Dist.).

{¶ 14} The decision to grant or deny a Civ.R. 60(B) motion lies in the sound discretion of the trial court and will not be reversed on appeal absent an abuse of that discretion. *Cox v. Zimmerman*, 2012-Ohio-226, ¶ 14 (12th Dist.). An abuse of discretion implies the trial court acted unreasonably, arbitrarily, or unconscionably. *Johnson v. First Key Homes, LLC*, 2025-Ohio-882, ¶ 11 (12th Dist.).

{¶ 15} The Ohio Supreme Court has noted that "[f]oreclosure actions proceed in two stages, both of which end in a final, appealable judgment: the order of foreclosure and the confirmation of sale." *Farmers State Bank v. Sponaugle*, 2019-Ohio-2518, ¶ 18. "The order of foreclosure determines the extent of each lienholder's interest, sets out the priority of the liens, determines the other rights and responsibilities of each party, and orders the property to be sold by sheriff's sale." *Id.*, citing *CitiMortgage, Inc. v. Roznowski*, 2014-Ohio-1984, ¶ 39. "On appeal, parties may challenge the court's decision to grant the decree of foreclosure." *Farmers State Bank* at ¶ 18, citing *Roznowski* at ¶ 39. But "[o]nce the foreclosure decree is final and upon completion of the appeals process, the

rights and responsibilities of the parties under the foreclosure decree may no longer be challenged." *Farmers State Bank* at ¶ 18.

{¶ 16} A foreclosure decree is distinct from the confirmation of sale, which "is an ancillary proceeding limited to whether the sheriff's sale conformed to law." *Id.* at ¶ 19. In describing this confirmation proceeding, the Ohio Supreme Court has explained that "[i]f the trial court, after examining the proceedings, finds that the sale conformed with R.C. 2329.01 through 2329.61, inclusive, then the court enters an order confirming the sale and orders the dispersal of the proceeds." *Id.* A party may appeal the confirmation of sale, but this appeal "is limited to challenging the confirmation order itself and to issues related to confirmation proceedings—for example, computation of the final total amount owed by the mortgagor, accrued interest, and amounts advanced by the mortgagee for inspections, appraisals, property protection, and maintenance." *Id.*

{¶ 17} In the present case, the trial court issued the foreclosure decree in December 2018. The foreclosure decree determined that U.S. Bank was entitled to foreclose on the Property and held the third-in-priority interest on the Property. Pursuant to the foreclosure decree, the Chibindas did not possess a lien on the Property which could entitle them to a portion of the proceeds from the sale of the Property. The Chibindas did not appeal from the foreclosure decree and therefore the rights and responsibilities of the parties under the foreclosure decree may no longer be challenged. *Roznowski*, 2014-Ohio-1984 at ¶ 39.

{¶ 18} Thereafter, the Property was sold and the trial court issued a confirmation order in April 2022. Nearly two years later, in March 2024, the Chibindas filed the instant Civ.R. 60(B) motion seeking relief from the confirmation order, which the trial court denied. On appeal, all of the Chibindas' arguments about the confirmation order are based on the assumption that the Chibindas are junior lienholders in the Property and

have an interest in the distribution of the proceeds from the sale. However, the foreclosure decree does not list the Chibindas as a lienholder. The time to contest such a decision was in an appeal of the foreclosure decree, which the Chibindas failed to do. The Ohio Supreme Court has stated that a Civ.R. 60(B) motion cannot be used as a substitute for an appeal, and the doctrine of res judicata applies to such motions. *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 16; *In re R.B.*, 2013-Ohio-2392, ¶ 20 (12th Dist.). Since the foreclosure decree became final, the rights and responsibilities of the parties under the order are no longer subject to challenge. *Roznowski* at ¶ 39; *Royal Oaks Landmark, L.L.C. v. Royal Oak Cal, L.L.C.*, 2022-Ohio-1144, ¶ 38 (12th Dist.). Thus, all of the arguments now advanced by the Chibindas are barred by the doctrine of res judicata. *Kuchta* at ¶ 16; *In re R.B.* at ¶ 20.

{¶ 19} As a result, we find the trial court did not abuse its discretion by denying the Chibindas' Civ.R. 60(B) motion for relief from judgment. The trial court correctly concluded that the Chibindas failed to point to a meritorious defense or claim that they could present if Civ.R. 60(B) relief were granted. The Chibindas also failed to demonstrate they were entitled to relief under any of the grounds set forth in Civ.R. 60(B)(1)-(5). None of the Chibindas' arguments on appeal have merit because those arguments are barred by res judicata. Accordingly, the Chibindas' three assignments of error are overruled.

{¶ 20} Judgment affirmed.

HENDRICKSON and PIPER, JJ., concur.